United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 18, 2006**

Charles R. Fulbruge III
Clerk

REVISED AUGUST 2, 2006
IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 05-70035
_____

ARNOLD PRIETO,

                                   Petitioner-Appellant,

versus

NATHANIEL QUARTERMAN, Director, Texas Department
of Criminal Justice, Correctional
Institutions Division,

                                    Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Texas
(SA-01-CA-1145-OG)
--------------------

Before JONES, Chief Judge, WIENER and DeMOSS, Circuit Judges.

WIENER, Circuit Judge:

    Petitioner-Appellant Arnold Prieto appeals the district
court's dismissal of his petition for post-conviction relief.  For
the following reasons, we reverse the district court's ruling that
Prieto's petition was untimely, as well as the district court's <u>sua
sponte</u> application of the procedural-default rule to Prieto's jury-
misconduct claim.  We therefore remand for further proceedings
consistent with this opinion.

## I. BACKGROUND AND PROCEEDINGS

Prieto was convicted of murder and sentenced to death in March 1995.  He appealed both his conviction and sentence, and on December 16, 1998, the Texas Court of Criminal Appeals affirmed both.  Prieto declined to seek review from the United States Supreme Court, and his conviction and sentence became final ninety days later, on March 17, 1999.[1]

Prieto filed an application for state post-conviction relief on October 8, 1999, asserting 66 grounds for relief.  In July 2001, the state court issued its findings of fact, conclusions of law, and recommendation that Prieto's application be denied.  On November 28, 2001, the Texas Court of Criminal Appeals denied Prieto's petition.

Prieto then sought habeas corpus relief in federal court.  The district court issued an order appointing counsel for Prieto and setting filing deadlines.  Under the court's scheduling order, Prieto's habeas petition was due by May 3, 2002.  On April 16 Prieto moved for, and the district court granted, an extension of time to file his habeas petition.  Under the district court's order, Prieto's petition was due by September 6, 2002.  On August 2, 2002, more than a month before that deadline, Prieto filed his

---

[1] Foreman v. Dretke, 383 F.3d 336, 340 (5th Cir. 2004) (Texas prisoner's conviction is final for purposes of federal habeas review 90 days after the Texas Court of Criminal Appeals denies petition for review and defendant declines to seek review in the United States Supreme Court).

habeas petition. The State responded with a motion to dismiss on the ground that Prieto's petition was untimely because he filed it after the applicable limitations period expired.

Following extensive additional briefing, the district court dismissed Prieto's habeas petition as untimely. Ruling in the alternative, the district court dismissed Prieto's petition on various substantive grounds. The court then granted Prieto a certificate of appealability ("COA") on two issues: First, whether the court erred in dismissing Prieto's petition as untimely; and second, whether Prieto procedurally defaulted on his claim of jury misconduct. The district court denied Prieto's COAs on his other claims, and we affirmed the district court's decision to deny those COAs in an unpublished opinion.

## II. TIMELINESS

### A. Statutory Tolling

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides a one-year limitations period for the filing of a federal petition for post-conviction relief.[2] Specifically, a petitioner must file his petition within one year from the date that his conviction becomes final. The one-year statute of limitations, however, is not absolute. AEDPA provides that the limitations period is tolled while a properly-filed application for state post-

---

[2] 28 U.S.C. § 2241(d).

conviction relief is pending.[3]  We review a district court's decision on statutory tolling <u>de novo</u>.[4]

As noted, Prieto's conviction and sentence became final on March 17, 1999.  Prieto filed his state habeas petition 215 days later, thus tolling the AEDPA limitations period.  This tolling ceased on November 28, 2001, when the Texas Court of Criminal Appeals denied his application.  At that time, Prieto had 150 days remaining in which to file his federal habeas petition.  Therefore, to be timely, Prieto had until approximately the end of April 2002 to file for federal post-conviction relief.  Instead, Prieto filed his habeas petition almost 100 days late, on August 2, 2002.  The district court's well-reasoned opinion addresses and properly rejects Prieto's claims that he is entitled to additional statutory tolling.  Accordingly, we adopt the district court's opinion with respect to statutory tolling.

## B.   Equitable Tolling

In addition to statutory tolling, we have recognized that the AEDPA limitations period is subject to equitable tolling in "rare and exceptional circumstances."[5]  We review a district court's decision on equitable tolling for abuse of discretion, remaining ever mindful, however, that "[w]e must be cautious not to apply the

---

[3] <u>Id.</u> at § 2244(d)(2).

[4] <u>Giesberg v. Cockrell</u>, 288 F.3d 268, 270 (5th Cir. 2002).

[5] <u>Davis v. Johnson</u>, 158 F.3d 806, 811 (5th Cir. 1998).

statute of limitations too harshly."[6]  Dismissing a habeas petition is a "particularly serious matter."[7]  This is why we look to the facts and circumstances of each case to determine whether the district court abused its discretion in declining to apply equitable tolling.[8]

Although Prieto is not entitled to additional statutory tolling, we conclude that his circumstances are sufficiently rare and exceptional to warrant equitable tolling.  In mid-April 2002, Prieto filed a motion in the district court for an extension of time to file his petition at a later date.  The district court granted Prieto's motion, stating "[b]efore the Court is Petitioner's Motion for Extension of Time to [File] Writ of Habeas Corpus.  The Court finds that the motion is meritorious and it is GRANTED.  Petitioner's writ of habeas corpus shall be filed no later than September 6, 2002."  Under this order, Prieto's petition appears to have been due long after his time to file expired under AEDPA.  Although AEDPA applied to Prieto's application, the district court's order granting him additional time for the express purpose of filing his petition at a later date was crucially misleading.  Prieto relied on the district court's order in good faith and to his detriment when he filed his petition.  As Prieto

---

[6] Fisher v. Johnson, 174 F.3d 710, 713 (5th Cir. 1999).

[7] Id.

[8] Id.

submitted his petition within the time expressly allowed him by the district court, he is entitled to equitable tolling.

This case is an almost perfect analog to Davis v. Johnson.[9] Like Prieto, the petitioner in Davis was sentenced to death and, like Prieto, moved for and was granted extensions of time that set the deadline for filing his habeas petition beyond the AEDPA limitations period.[10] We recognized that a district court's grant of motions for extensions of time beyond AEDPA's limitations period is likely a "rare and exceptional circumstance[]" that justifies equitable tolling.[11] We therefore assumed without deciding that the district court erred in declining to grant equitable tolling of the AEDPA limitations period.[12] A decision directly on the merits of the issue was unnecessary because we then determined that Davis was not entitled to a COA on any of his substantive claims.

On the facts of this case, Prieto is even more deserving of equitable tolling than was Davis. Prieto was much more diligent in securing his extension of time. Specifically, Prieto requested and received his extension of time before the deadline to file his habeas petition passed. In contrast, Davis failed to move for an

---

[9] 158 F.3d 806.

[10] Id. at 808.

[11] Id. at 808 n. 2, 811–12.

[12] Id. at 808 n. 2.

6

extension of time until more than seven months after his petition was due.[13]

In United States v. Patterson, we equitably tolled the limitations period for a petitioner because he, too, relied on the actions of the district court when he filed his habeas petition after the AEDPA limitations period had expired.[14] Specifically, Patterson had moved the district court to dismiss his then-pending petition so that he could obtain professional legal aid and re-submit his case to the court.[15] Ironically, the day that the court granted Patterson's motion to dismiss was the final day of the AEDPA limitations period; after that date, any future filings were untimely.[16] As Patterson "relied to his detriment on the district court's granting of his [motion to dismiss]" we were "persuaded that these circumstances are sufficiently rare and extraordinary to warrant equitable tolling."[17]

The government's only response to Prieto's contention that he is entitled to equitable tolling on these facts is its discussion of Fierro v. Cockrell.[18] In Fierro, the district court issued a

---

[13] Id. at 808.

[14] 211 F.3d 927 (5th Cir. 2000).

[15] Id. at 931-32.

[16] Id. at 932.

[17] Id. at 931-32.

[18] 294 F.3d 674 (5th Cir. 2002).

7

scheduling order at the government's request, and the order set the deadline for Fierro's habeas petition outside the AEDPA limitations period.[19] Thus, Fierro argued that the scheduling order induced him to file late.[20] The scheduling order, however, was issued three weeks <u>after</u> the AEDPA limitations period expired.[21] Accordingly, we declined to apply equitable tolling because "the state's request and the district court's order could not have contributed to Fierro's failure to comply with the one-year statute of limitations."[22]

The likelihood that a district court's order will actually mislead a petitioner into believing that his petition is due beyond the AEDPA limitations period is the critical distinction between <u>Fierro</u> and <u>Patterson</u>. There was evidence in <u>Patterson</u> that the district court's order led the petitioner to believe that the court would entertain his petition at a later date, i.e., a date that was necessarily beyond AEDPA's limitations period. This is why, in <u>Fierro</u>, we recognized the propriety of granting equitable tolling when "the prisoner relied to his detriment on the district court's decision to dismiss <u>for the express purpose</u> of allowing later

---

[19] <u>Id.</u> at 683.

[20] <u>Id.</u>

[21] <u>Id.</u>

[22] <u>Id.</u> at 683-84.

8

refiling."[23] In contrast, there was no possibility that the _Fierro_ court's scheduling order contributed to the petitioner's tardiness because that order was issued _after_ the AEDPA deadline had already expired.

Like Patterson, Prieto relied to his detriment on the district court's order issued for the express purpose of granting him additional time to file his writ of habeas corpus. Significantly, as quoted above, the district court's order granting Prieto's motion stated: "Before the Court is Petitioner's Motion for Extension of Time to [File a] Writ of Habeas Corpus. The Court finds that the motion is meritorious and it is GRANTED. Petitioner's writ of habeas corpus shall be filed no later than September 6, 2002." Orders such as these have the effect of "unintentionally misl[eading] the prisoner,"[24] and, considering the totality of the circumstances, may warrant equitable tolling. Accordingly, the State's reliance on _Fierro_ is misplaced. Indeed, _Fierro_ militates in favor of granting Prieto equitable tolling.

After careful consideration of the particular circumstances of this case — most importantly, the court-ordered extension of time — and a review of the record, we are persuaded that the district court erred in not granting equitable tolling of the statute of limitations. We therefore do not reach the alternative theory on

---

[23] _Id._ at 682 (emphasis added).

[24] _Id._

9

which Prieto seeks equitable tolling, i.e. whether the State's appointment of a lawyer who was battling cancer at the time warrants equitable remedy. As Prieto's petition is not time-barred, we must address the merits of the second issue on which the district court issued a COA: Whether the district court properly raised the issue of procedural default <u>sua</u> <u>sponte</u> to dispose of Prieto's jury-misconduct claim, never reaching the merits.

## III. PROCEDURAL DEFAULT

### A. Waiver

The State urges us to rule that Prieto waived the argument that the district court erred in raising the affirmative defense of procedural default <u>sua</u> <u>sponte</u>. This is because Prieto first expressly addresses the <u>sua</u> <u>sponte</u> facet of the procedural default issue in his reply brief and not in his initial brief. "Generally, we will not consider an issue raised for the first time in a reply brief."[25] This, however, is not the case before us.

In the light of all of the facts and circumstances, we view Prieto's initial brief as sufficiently presenting —— and thus preserving —— the entire issue of procedural default, including, without limitation, the lesser included question whether it was improper for the district court to raise the affirmative defense of procedural default <u>sua</u> <u>sponte</u>. Significantly, the district court's order granting Prieto a COA on the procedural default issue states,

---

[25] <u>U.S. v. Avants</u>, 367 F.3d 433, 449 (5th Cir. 2004).

10

*inter alia*, "Petitioner is GRANTED a Certificate of Appealability with regard to... whether this Court properly held... that petitioner procedurally defaulted on his [jury-misconduct] claim."[26] Read plainly, the district court's order expressly granted a COA on its substantive application of the procedural-default rule to Prieto's jury misconduct claim. And Prieto fully briefed this issue in his initial brief to us.

Looking beyond the district court's order of certification to its memorandum opinion reveals that a necessary component of the procedural default issue in this case is whether the district court properly raised that affirmative defense sua sponte. We cannot address the substance of the district court's procedural default ruling without, at the same time, considering whether it was properly raised in the first place — these facets of the issue are inextricably intertwined. In light of the language of the order granting Prieto a COA and Prieto's initial brief thoroughly addressing the substantive aspect of the procedural default ruling, the State's attempt to parse the COA so narrowly to obtain a waiver ruling from this court on the sua sponte sub-issue of procedural default is inappropriate. We are satisfied that Prieto effectively raised the entire procedural default issue, including the district court's raising it sua sponte, by addressing its substance in his initial brief.

---

[26] Emphasis added.

Moreover, even if Prieto's initial brief did not raise the procedural default issue in its entirety, we would still consider his argument. This is because we have been loathe to default a petitioner for a failure to brief when the terms of a COA are arguably misleading.[27] To repeat for emphasis, the order granting the COA could lead one to conclude that only the court's application of the procedural default rule is at issue on appeal. In addition to the language of the order granting Prieto a COA, there is the section of the memorandum opinion applying procedural default, which does not mention that the court raised the affirmative defense <u>sua sponte</u>. Only when we read the end of the section of the memorandum opinion that addresses Prieto's various applications for COAs does it become apparent that not only did the district court grant a COA on the ground of procedural default, but that the COA thus granted included the question whether the district court properly raised procedural default <u>sua sponte</u>.[28]

---

[27] <u>Williams v. Cain</u>, 217 F.3d 303, 305 (5th Cir. 2000) (excusing a <u>complete failure</u> to brief a particular issue and addressing it on the merits because the COA was arguably misleading).

[28] Furthermore, the State argues <u>for the first time on appeal</u> that Prieto's jury-misconduct claim is procedurally barred. We have repeatedly held that "[t]he government must invoke the procedural bar in the district court to raise it here." <u>See</u> <u>United States v. Kallestad</u>, 236 F.3d 225, 227 (5th Cir. 2000); <u>see</u> <u>also</u> <u>United States v. Drobny</u>, 955 F.2d 990, 995 (5th Cir. 1992)("To invoke the procedural bar...the government must raise it in the district court"). Had the district court not raised the affirmative defense for the State, the issue would not even be before us. In this context, we reject the State's over-parsing of the district court's COA so as to claim that

**B.    Merits**

A district court may, in its discretion, raise the affirmative defense of procedural default in habeas proceedings <u>sua</u> <u>sponte</u>.[29] "We note, however, that though a court may invoke procedural default *sua sponte*, it should not do so lightly."[30]  Instead, our decision should be "informed by those factors relevant to balancing the federal interests in comity and judicial economy against the petitioner's substantial interest in justice."[31]  Before raising the affirmative defense <u>sua</u> <u>sponte</u>, the district court should consider (1) whether the petitioner had notice that the district court was going to raise the defense <u>sua</u> <u>sponte</u> and had an opportunity to respond, and (2) "whether the state's failure to raise the defense is merely inadvertence or the result of a purposeful decision to forgo the defense."[32]

We have opted for a relatively flexible standard in this area rather than a per se rule.  And, the cases we have decided that deal with this narrow issue have created a logical continuum that is useful in the resolution of this case.  First, we have never

---

Prieto waived the <u>sua</u> <u>sponte</u> facet of the procedural-bar issue.

[29] <u>Magouirk v. Phillips</u>, 144 F.3d 348, 360 (5th Cir. 1998).

[30] <u>United States v. Willis</u>, 273 F.3d 592, 597 (5th Cir. 2001).

[31] <u>Magouirk</u>, 144 F.3d at 360.

[32] <u>Id.</u>

approved of the <u>sua</u> <u>sponte</u> application of the procedural bar defense when the petitioner has absolutely no notice or opportunity to respond.[33] Conversely, we have approved a district court's decision to raise the procedural default defense on its own motion when the petitioner had notice that the court would consider doing so.[34]

Furthermore, we have been persuaded that the <u>sua</u> <u>sponte</u> application of the procedural default rule is appropriate when the record reveals that the State's failure to assert the defense was most likely the result of inadvertence.[35] For example, we have found that the State inadvertently failed to assert the defense when the petitioner's pleadings were so muddled that the State could not have fairly anticipated that the petitioner was making a claim to which the procedural bar applied.[36] And, in that example, we approved the court's decision to raise procedural default sua

---

[33] <u>Johnson v. Cain</u>, 215 F.3d 489, 493-95 (5th Cir. 2000); <u>Fisher v. Texas</u>, 169 F.3d 295, 302 (5th Cir. 1999).

[34] <u>United States v. Willis</u>, 273 F.3d 592, 597 (5th Cir. 2001) (the petitioner had notice by way of the magistrate judge's report and recommendation to the district judge, to which the petitioner had ample time to respond and address the procedural default defense); <u>Magouirk</u>, 144 F.3d at 350, 360 (same).

[35] <u>Magouirk</u>, 144 F.3d at 360 (finding that the State's failure to raise procedural default was the result of inadvertence when the State's argument rested on the petitioner's failure to exhaust his state remedies, but his remedies were technically exhausted because he failed to raise them in state court before they became time-barred).

[36] <u>Willis</u>, 273 F.3d at 597.

14

sponte.[37]  When there is nothing before us but the State's bald assertion that its failure to assert the affirmative defense was inadvertent, however, we have rejected the <u>sua</u> <u>sponte</u> application of the procedural default rule.[38]

It is against this backdrop that we consider the propriety of the district court's decision to raise the affirmative defense of procedural bar <u>sua</u> <u>sponte</u> and apply it to Prieto's jury-misconduct claim.  Neither Prieto nor the State had notice that the district court was going to consider procedural bar.  Unlike <u>Magouirk</u> and <u>Willis</u>, in this case there was no magistrate judge's report and recommendation to the district judge alerting the parties that procedural default would be at issue.  Under these circumstances, it was an abuse of discretion for the district court to raise the issue of procedural bar <u>sua</u> <u>sponte</u>.  We therefore remand with instructions to the district court (1) to address the issue of procedural bar after giving Prieto and the State opportunities to make their legal positions known to the court, then (2) if appropriate, to address the merits of Prieto's jury misconduct claim for habeas relief.

REMANDED with instructions.

---

[37] <u>Id.</u>

[38] <u>See</u> <u>Fisher</u>, 169 F.3d at 302 (noting that the State claimed that its failure to assert the defense was inadvertent, but observing that even if it was, it was error to raise procedural bar <u>sua</u> <u>sponte</u> because of strong concerns regarding lack of notice).