United States Court of Appeals
Fifth Circuit

**F I L E D**

**February 9, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-70016

MARLIN ENOS NELSON,

Petitioner-Appellant,

versus

NATHANIEL QUARTERMAN, Director,
Texas Department of Criminal Justice,
Correctional Institutions Division,

Respondent-Appellee.

Appeal from the United States District Court
for the Southern District of Texas
(H-03-CV-3742)

Before JONES, Chief Judge, and WIENER and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Petitioner Marlin Enos Nelson, convicted in Texas state court of capital murder and sentenced to death, seeks a certificate of appealability ("COA") to appeal the district court's order dismissing his petition for writ of habeas corpus. He argues that the equitable tolling doctrine should apply to his untimely federal habeas petition because the district court failed to appoint federal habeas counsel until after the statute of limitations for filing his petition had already expired. Because jurists of reason

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

would not find debatable the district court's procedural ruling, we DENY Nelson's application for COA.

## I.  BACKGROUND

Nelson was convicted of the 1987 murder of James Randle Howard and sentenced to death in August 1988.  The Texas Court of Criminal Appeals affirmed his conviction and sentence on direct appeal on November 25, 1992.  Nelson v. State, 848 S.W.2d 126 (Tex. Crim. App. 1992).  Nelson's conviction became final on October 4, 1993, when the U.S. Supreme Court denied Nelson's petition for a writ of certiorari.  Nelson v. Texas, 510 U.S. 830, 114 S. Ct. 100 (1993).

The one-year statute of limitations for filing a writ of habeas corpus in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)(1)(A), was tolled until the appointment of state habeas counsel on January 19, 1998.[1]  Nelson filed his state habeas petition 267 days later, on October 13, 1998.  After the Texas Court of Criminal Appeals denied state habeas relief on September 11, 2002, ninety-eight days remained within the limitations period.  Nelson's petition was thus due on or before December 19, 2002.

---

[1]The Texas Attorney General's office agreed to toll the time from request until appointment of state habeas counsel in the Texas Court of Criminal Appeals.  See Cantu-Tzin v. Johnson, 162 F.3d 295, 298 (5th Cir. 1998); Pyles v. Morales, No. 396-CV-2838-D (N.D. Tex. Dec 2, 1996).

Nelson moved for the appointment of federal habeas counsel on September 17, 2002. However, the district court did not appoint counsel until March 13, 2003, nearly six months after Nelson had moved for the appointment and almost three months after the expiration of AEDPA's statute of limitations. Recognizing that the limitations period had expired, on April 30, 2003, Nelson moved for an extension of time until June 13, 2003, to file his federal habeas petition. His motion requested that the court equitably toll the limitations period for the time Nelson was without federal habeas counsel. While that motion was pending, Nelson filed his federal habeas petition on August 22, 2003, 162 days after the appointment of counsel and 246 days after AEDPA's limitations period had expired.

Because the petition had already been filed, the district court granted Nelson's motion for an extension of time on February 10, 2004, but declined to decide if the petition was timely. Responding to the State's motion to dismiss, the district court dismissed Nelson's habeas petition as time barred and sua sponte denied COA on March 31, 2005. The district court denied Nelson's motion to alter or amend the judgment on March 31, 2006. Nelson now appeals.

## II. DISCUSSION

AEDPA requires Nelson to obtain a COA before he can appeal to this court. 18 U.S.C. § 2253(c); Morris v. Dretke,

3

379 F.3d 199, 203 (5th Cir. 2004). To obtain a COA, Nelson must make "a substantial showing of the denial of a constitutional right." § 2253(c)(2). Where, as here, the district court rejects a habeas petition on procedural grounds, "a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right <u>and</u> that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." <u>Slack v. McDaniel</u>, 529 U.S. 473, 484, 120 S. Ct. 1595, 1604 (2000) (emphasis added); <u>see also</u> <u>Morris</u>, 379 F.3d at 204.

It is undisputed that Nelson's federal habeas petition was untimely filed. However, the limitations period may be equitably tolled "in rare and exceptional circumstances." <u>Davis v. Johnson</u>, 158 F.3d 806, 811 (5th Cir. 1998). "[E]xtraordinary circumstances exist where a petitioner is misled by an affirmative, but incorrect, representation of a district court on which he relies to his detriment." <u>Cousin v. Lensing</u>, 310 F.3d 843, 848 (5th Cir. 2002) (citing <u>United States v. Patterson</u>, 211 F.3d 927, 931-32 (5th Cir. 2000)).

Nelson argues that equitable tolling applies to the time period during which he lacked federal habeas counsel because the district court did not make the appointment until six months after he made his request and after the limitations period had already expired. However, this court has previously held that a defendant's pro se status will not excuse an untimely habeas

4

petition. See, e.g., <u>United States v. Wynn</u>, 292 F.3d 226, 230 (5th Cir. 2002) (citing <u>United States v. Flores</u>, 981 F.2d 231, 236 (5th Cir. 1993)); <u>Felder v. Johnson</u>, 204 F.3d 168, 171 (5th Cir. 2000); <u>see also</u>, <u>Lookingbill v. Cockrell</u>, 293 F.3d 256, 264 n.13 (5th Cir. 2002). The district court was correct to conclude that Nelson knew about the impending deadline and could have filed a pro se skeletal petition before the limitations period expired. See <u>Lookingbill</u>, 293 F.3d at 264.

Nelson claims that this case presents more extraordinary circumstances warranting equitable tolling than did <u>Prieto v. Quarterman</u>, 456 F.3d 511 (5th Cir. 2006). <u>Prieto</u> held that equitable tolling was warranted where the district court misled the prisoner by granting additional time to file his petition <u>before</u> the limitations period had expired. <u>Id.</u> at 515. Nelson argues that the district court's extension of time in February 2004 misled him into believing that his petition was due beyond the AEDPA limitations period. The district court's order could not have misled Nelson, because it granted the extension well <u>after</u> the limitations period had already expired. See <u>Fierro v. Cockrell</u>, 294 F.3d 674, 683 (5th Cir. 2002). The court did not mislead Nelson into filing his petition outside the limitations period.

Nelson next contends that he was diligent in filing his petition after counsel was appointed. See <u>Cousin</u>, 310 F.3d at 849 (equitable tolling requires petitioner to "pursue habeas relief diligently"). The record, however, shows otherwise. After state

5

habeas relief was denied, ninety-eight days remained in the limitations period. Nelson's counsel was aware of the limitations period because he moved to extend the filing date to June 13, 2003, a date within ninety-eight days from his appointment. Yet he then waited until 162 days after the appointment to file Nelson's federal petition. Cf. Prieto, 456 F.3d at 513.[2] Therefore, even if the district court had granted equitable tolling equivalent to the time Nelson was without federal habeas counsel, his petition would still have been untimely.[3] Nelson's complaint that he was unable to prepare the petition in ninety-eight days is unconvincing. See Fierro, 294 F.3d at 684; Ott v. Johnson, 192 F.3d 510, 514 (5th Cir. 1999). Nelson has failed to demonstrate diligence in the preparation of his federal petition.

Alternatively, the State urges us to deny COA because Nelson made no attempt in his brief to show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." Slack, 529 U.S. at 484, 120 S. Ct. at 1604; see also Nixon v. Epps, 405 F.3d 318, 323 (5th

---

[2]Counsel contends that to do a thorough job of preparing the petition, he tried to secure appropriate records and expert help, all of which took time, and he faced impediments by the court and the State. Nevertheless, counsel could also have filed a skeletal petition and sought leave to amend later.

[3]Nelson does not argue in his brief to this court, as he did to the district court, that equitable tolling applies to the five-month period between the appointment of counsel in March 2003 and the filing of the petition in August 2003. Accordingly, any such argument is waived. See United States v. Pompa, 434 F.3d 800, 806 n.4 (5th Cir. 2005).

Cir. 2005).  The Supreme Court rejected this approach in <u>Slack</u>, where the petitioner focused his arguments on the district court's procedural ruling and made no attempt to show the denial of a constitutional right.  <u>See</u> <u>Slack</u>, 529 U.S. at 485, 120 S. Ct. at 1604.  Like the Supreme Court in <u>Slack</u>, which noted that a ruling against the petitioner on the procedural issue would end the case, we decline to address the sufficiency of Nelson's constitutional issues because "there is also present some other ground upon which the case may be disposed of."  <u>Id.</u> (quoting <u>Ashwander v. TVA</u>, 297 U.S. 288, 347, 56 S. Ct. 466, 483 (1936) (Brandeis, J., concurring)).

## III.  CONCLUSION

Based on <u>Lookingbill</u> and this court's settled authorities, this case presents no "rare and exceptional circumstances" that warrant equitable tolling, and jurists of reason would not find the district court's procedural ruling to be debatable.  We therefore DENY Nelson's application for COA to appeal the district court's refusal to grant equitable tolling.

**COA DENIED.**

7