IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 15, 2008

Charles R. Fulbruge III
Clerk

No. 07-70001

ARNOLD PRIETO

Petitioner-Appellant

v.

NATHANIEL QUARTERMAN, DIRECTOR, TEXAS DEPARTMENT OF
CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION

Respondent-Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:01-CV-1145

Before JONES, Chief Judge, and WIENER and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Petitioner-Appellant Arnold Prieto petitioned the district court for a writ of habeas corpus, asserting, inter alia, that his federal constitutional rights were violated by improper juror discussions during the sentencing phase of his capital murder trial. Prieto insists that the district court erred in holding that (1) he procedurally defaulted on his federal due process jury-misconduct claim, and (2) even assuming, arguendo, that his claim is not subject to procedural bar, it

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

should be denied on its merits. Convinced that the district court properly ruled that Prieto procedurally defaulted on his federal jury-misconduct claim, we affirm.

## I. FACTS AND PROCEEDINGS[1]

In March 1995, Prieto was convicted of murder and sentenced to death. Following his conviction for capital murder and sentencing, Prieto filed a motion for new trial and presented evidence showing that (1) juror Marjorie Egloff changed her vote from either "undecided to death" or from "life to death" on the third capital sentencing special issue, i.e., the Penry mitigation issue, based on comments made by another juror (or a pair of other jurors) suggesting that the minimum time for parole eligibility on a life sentence could be reduced by the effect of good conduct, (2) none of the jurors who made the comments in question purported to possess personal knowledge of the law applicable to Prieto's sentence, and (3) when the comments were made, the jury foreman advised the jury not to discuss parole eligibility and re-read portions of the jury charge advising the jury that (a) Prieto would be ineligible for release on parole for at least forty years if he were sentenced to a term of life imprisonment, and (b) the jury was not to consider parole or good conduct time credits in rendering its punishment-phase verdict.

In December 1998, the Texas Court of Criminal Appeals (the "TCCA") affirmed Prieto's conviction and his sentence.[2] In so ruling on Prieto's direct appeal, the court characterized his jury-misconduct claim as being based solely on state law. Specifically, the court observed that "[Prieto] does not raise a

---

[1] In discussing the procedural history of this case, we borrow liberally from a prior panel's decision in this matter in which it addressed, inter alia, whether the district court had erred by raising the procedural default issue sua sponte. See Prieto v. Quarterman, 456 F.3d 511 (5th Cir. 2006). We also borrow from the district court's supplemental memorandum opinion and order, which Prieto challenges.

[2] Prieto v. State, No. 72,133 (Tex. Crim. App. 1998).

federal substantive due process claim in these points of error even though he has had an opportunity to do so. [Prieto's] jury misconduct claim is based on state law."[3] Prieto declined to seek review from the United States Supreme Court, and his conviction and sentence became final ninety days later, on March 17, 1999.

In October 1999, Prieto filed an application for state post-conviction relief, asserting 66 grounds for relief, including, inter alia, a claim that the jury's discussion of parole violated both his state and federal constitutional rights. In July 2001, the state habeas trial court issued its findings of fact, conclusions of law, and recommendation that Prieto's application be denied. In November 2001, the TCCA adopted the state habeas trial court's findings of fact and conclusions of law and denied Prieto's petition.

Prieto then sought federal habeas relief.[4] The district court dismissed Prieto's habeas petition as untimely. Ruling in the alternative, the district court dismissed his petition on various substantive grounds. The court then granted Prieto a certificate of appealability ("COA") on two questions: first, whether the court erred in dismissing Prieto's petition as untimely; and, second, whether Prieto procedurally defaulted on his federal jury-misconduct claim.

A prior panel of this court then held, inter alia, that the district court erred when it (1) dismissed Prieto's petition as untimely, and (2) raised the issue of procedural default sua sponte.[5] That panel remanded the case to the district court with instructions "(1) to address the issue of procedural bar after giving Prieto and the State opportunities to make their legal positions known to the

---

[3] Id., slip op. at 43.

[4] See Prieto v. Dretke, 386 F. Supp. 2d 767 (W.D. Tex. 2005), rev'd by Prieto v. Quarterman, 456 F.3d 511 (5th Cir. 2006).

[5] See Prieto v. Quarterman, 456 F.3d at 513.

court, then (2) if appropriate, to address the merits of Prieto's jury misconduct claim for habeas relief."[6]

After the district court directed the parties to file briefs and reviewed their submissions, the court again held that Prieto had procedurally defaulted on his federal jury-misconduct claim because he had failed to raise it on direct appeal. The court acknowledged that, on direct appeal, Prieto had presented a series of points of error which fairly presented complaints to the TCCA that the alleged jury misconduct had deprived him of "a fair and impartial trial." In the district court's estimation, however, the arguments and authorities presented in support of those points addressed exclusively state law principles and did not "fairly present" any federal constitutional gloss on Prieto's jury-misconduct complaints. The district court acknowledged that Prieto had, in his state habeas application, re-urged his state law jury-misconduct claim, but ruled that, for the first time, Prieto had also argued that the jury's discussion of parole violated his federal due process right to a fair and impartial trial. Most importantly, the district court held that the state habeas court had ruled that Prieto procedurally defaulted on his federal due process jury-misconduct claim when he failed to assert it on direct appeal.

In addition, the district court on remand assumed arguendo that Prieto's federal claim was not subject to procedural bar, but went on to hold that his claim failed on its merits because, inter alia, the jury's discussions regarding parole were not the products of any outside or extraneous influence.[7] The

_____

[6] Id. at 519.

[7] See FED. R. EVID. 606(b) ("Upon an inquiry into the validity of a verdict or indictment, a juror may not testify as to any matter or statement occurring during the course of the jury's deliberations or to the effect of anything upon that or any other juror's mind or emotions as influencing the juror to assent to or dissent from the verdict or indictment or concerning the juror's mental processes in connection therewith. But a juror may testify about (1) whether extraneous prejudicial information was improperly brought to the jury's attention, (2) whether any outside influence was improperly brought to bear upon any juror, or (3) whether there was

district court did, however, grant Prieto a COA on the questions (1) whether Prieto procedurally defaulted on his federal due process jury-misconduct claim, and (2) whether Prieto's federal due process claim warrants federal habeas relief on the merits. Prieto timely filed a notice of appeal.

## II. ANALYSIS

### A.    Applicable Law

We review de novo a district court's denial of federal habeas review based on a state procedural ground.[8]

"Under the procedural default doctrine, a federal court may not consider a state prisoner's federal habeas claim when the state based its rejection of that claim on an adequate and independent state ground."[9] "In cases where a state court decision 'fairly appears' to rest primarily on federal law, the state must make a 'plain statement' that the state's review of the claim is procedurally barred."[10] In other words, "a procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rendering a judgment in the case 'clearly and expressly' states that its judgment rests on a state procedural bar."[11]

### B.    Merits

Prieto insists that he has asserted both state and federal jury-misconduct claims throughout the appellate and habeas processes and, therefore, he did not

---

a mistake in entering the verdict onto the verdict form. A juror's affidavit or evidence of any statement by the juror may not be received on a matter about which the juror would be precluded from testifying.").

[8] Martin v. Maxey, 98 F.3d 844, 847 (5th Cir. 1996).

[9] Id. (citing Coleman v. Thompson, 501 U.S. 722, 750 (1991)).

[10] Id. (citing Harris v. Reed, 489 U.S. 255, 261 (1989)).

[11] Harris v. Reed, 489 U.S. 255, 263 (1989) (quoting Caldwell v. Mississippi, 472 U.S. 320, 327 (1985)).

procedurally default on his federal claim. He further contends that the state habeas court did not provide a clear and express statement that his federal jury-misconduct claim was subject to procedural bar. We disagree.

The state habeas court, in its findings of fact, stated that Prieto's allegations regarding the jury's discussions of the law of parole (grounds for relief numbers one through four in his state habeas action) "were essentially raised on direct appeal in [Prieto's] points of error numbers sixteen, seventeen, and eighteen and were disposed of by the Court of Criminal Appeals." The court then stated its two conclusions of law with respect to Prieto's jury-misconduct claims:

> 1. Contentions disposed of on direct appeal cannot form the basis for relief by way of unit of habeas corpus. See Ex Parte Acosta, 672 S.W.2d 470, 472 (Tex. Crim. App. 1984).

> 2. Any difference between the formulation of the allegations on direct appeal versus on writ of habeas corpus are not material. The appellant has at any rate, forfeited the right to raise the reformulated arguments because there was no reason he could not have raised them on direct appeal. See Ex Parte Gardner, 959 S.W.2d 189, 199 (Tex. Crim. App. 1998) (Opinion on Rehearing) The applicant grounds for review numbers one through four are without merit and relief should be denied.

Prieto asserts that the portion of the second conclusion of law providing that "any difference between the formulation of the allegations on direct appeal versus on writ of habeas corpus are not material" demonstrates that he has asserted both state and federal jury-misconduct claims all along. His interpretation of the two conclusions of law cannot stand because his construction (1) renders the two conclusions redundant, and (2) ignores the second sentence of the second conclusion of law: "The appellant has at any rate, forfeited the right to raise the reformulated arguments because there was no reason he could not have raised them on direct appeal. See Ex Parte Gardner,

959 S.W.2d 189, 199 (Tex. Crim. App. 1998)." The proper interpretation, as evidenced by the cases cited by the state habeas court in support of each conclusion of law, is that the first conclusion addresses Prieto's state law jury-misconduct claim and the second conclusion addresses his federal claim.

Ex Parte Acosta stands for the proposition that a Texas habeas court need not consider the merits of a claim that was already addressed on direct appeal.[12] Prieto unambiguously raised a state law jury-misconduct claim on direct appeal: The TCCA stated that "appellant claims as a matter of state law that the trial court erroneously denied his motion for new trial which alleged the jury engaged in misconduct during the punishment phase deliberations by improperly considering how parole would affect a life sentence."[13] Accordingly, the state habeas court, in its first conclusion of law, made clear that it was barred from considering Prieto's state law jury-misconduct claim because the TCCA had already addressed it on direct appeal.

Moreover, in its second conclusion of law, the state habeas court acknowledged Prieto's attempt to reformulate the state law jury-misconduct claim that he had urged on direct appeal by adding a federal gloss. Accordingly, a second conclusion of law was needed to address this new claim. The state habeas court rejected it, holding that Prieto "forfeited the right to raise the reformulated arguments because there was no reason he could not have raised them on direct appeal." In so ruling, the court cited Ex Parte Gardner, which stands for the proposition that "the writ of habeas corpus should not be used to litigate matters which should have been raised on direct appeal."[14] The

---

[12] 672 S.W.2d at 472.

[13] Prieto v. State, No. 72,133 (Tex. Crim. App. Dec. 16, 1998), slip op. at 30 (emphasis added).

[14] 959 S.W.2d at 199 (quoting Ex Parte Goodman, 816 S.W.2d 383, 385 (Tex. Crim. App. 1991)).

aforementioned statement, with its citation to the Gardner procedural bar, constitutes a clear and express holding by the Texas habeas court that Prieto's federal jury-misconduct claim is procedurally barred under Texas law. Furthermore, Prieto makes no effort in his briefs to argue that the Gardner procedural rule is not adequate or independent. We conclude that Prieto's federal jury-misconduct claim is subject to procedural bar and therefore do not reach the merits of his claim.

## III. CONCLUSION

The district court's decision denying Prieto's petition for a writ of habeas corpus as procedurally barred is AFFIRMED.