# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 20, 2010

No. 08-20093

Lyle W. Cayce
Clerk

DELBERT LEE BURKETT,

Petitioner - Appellant

v.

RICK THALER, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent - Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:07-cv-01782

Before STEWART, DENNIS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Delbert Lee Burkett was convicted and sentenced on a state charge of
indecency with a child. After exhausting state appeal and habeas proceedings,
Burkett filed a habeas petition in federal court pursuant to 28 U.S.C. § 2254.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

No. 08-20093

The district court denied his petition and his request for a certificate of appealability (COA). We granted in part his request for a COA. We now AFFIRM the district court's denial of habeas relief.

**I.**

**A.**

In August 2002, 12-year-old A.P. was riding her bicycle to her friend's house. A Cadillac came around the corner towards her and stopped. A man, later identified as Burkett, got out of the car but left his engine on. He stepped to the middle of the road, unbuckled his belt, dropped his pants, and pulled down his underwear. Burkett then began masturbating. As A.P. rode by, Burkett reached out his arm to her and touched her on the arm. She swerved, dropped her bicycle in a ditch near her friend's house, ran to the house, and beat on the door.

A.P. told her friend's mother, Sandy Steede, about the incident. Sandy called 911 and also called her husband Dusty, a former police officer, who was driving home. A.P. provided a description of Burkett, stating that he had long, greasy black hair and was not wearing a shirt, and a description of his car.

Shortly thereafter, Dusty observed a Cadillac with a driver matching the description given him, followed the car to a store, and recorded its license plate number. Dusty saw Burkett, who appeared to him to be nervous. Burkett then left the store in the Cadillac, spinning his tires and turning around and looking at Dusty. Dusty pursued him and witnessed Burkett reach speeds of 80 to 90 miles an hour and run a stop sign before ending the pursuit. The license plate number was used by police to trace the vehicle to Robert Vincent. However, Vincent testified that he had given the vehicle to Burkett in exchange for work

performed by Burkett. Both Dusty and A.P. identified Burkett in a photographic lineup.

**B.**

Burkett was indicted for indecency with a child, a felony under Texas law. At trial, A.P. stated that she remembered seeing a tattoo on Burkett's arm. Sandy gave a description of the man and vehicle as she had learned it from A.P. immediately after the incident. Burkett's mother testified that Burkett's arms, hands, and torso were covered in tattoos and had been for years. On cross-examination, the prosecutor requested Burkett to hold up his arms and referred to specific tattoos on his hands.

The jury found Burkett guilty as charged. In June 2003, Burkett was sentenced pursuant to an agreement with the State to 40 years of imprisonment.[1] Burkett filed a motion for a new trial, which was denied by the trial court after a hearing.

On direct appeal to the state court, Burkett raised several arguments, to no avail. Relevant to this appeal, he argued that the trial court erred in failing to rule on his objections to the State's closing argument; and the trial court failed to instruct the jury to disregard the prosecutor's improper comments. The state appellate court rejected Burkett's claim that the trial court failed to rule on his objections, finding that the court impliedly sustained the objections. *Burkett v. State*, No. 07-03-0348-CR, 2004 WL 2852318, *2 (Tex. App.—Amarillo Dec. 13, 2004, pet. ref'd) (mem. op., not designated for publication). With regard to Burkett's complaint that the court failed to issue a curative instruction to the jury, the state appellate court concluded that the issue was not preserved

---

[1] In connection with the agreement, Burkett pleaded true to six enhancements for previously adjudicated offenses in the indictment.

No. 08-20093

because counsel failed to request a curative instruction and move for a mistrial. *Id*. at *3. The court also found that Burkett's claim of ineffective assistance was meritless. *Id*. at *3-*4. Burkett's conviction was affirmed.

## C.

Thereafter, Burkett filed a state application for habeas corpus relief, arguing, inter alia, ineffective assistance of trial counsel and prosecutorial misconduct. Burkett's state habeas application was denied on the findings of the trial court.

Burkett then filed his *pro se* § 2254 application, raising the same claims asserted in his state habeas application. The district court granted the state's motion for summary judgment. Among other claims, the district court rejected Burkett's argument that the prosecutor made improper comments during closing argument, finding that the comments were improper but not sufficiently harmful. Burkett also asserted numerous claims of ineffective assistance of counsel, which the district court denied. Most relevant, the district court held that trial counsel's failure to preserve his objection to the prosecutor's improper argument for appellate review did not result in prejudice to Burkett. The district court then issued a judgment dismissing Burkett's § 2254 application and denying a COA.

We granted Burkett's request for a COA on the following issues: (1) whether Burkett was denied his due process rights by the prosecutor's improper remarks in which the prosecutor bolstered the credibility of prosecution witnesses, and (2) whether trial counsel was ineffective for failure to request a curative instruction and to move for a mistrial based on the prosecutor's improper argument to the jury regarding the credibility of the victim. We denied his request for a COA on the remaining issues. This appeal followed.

No. 08-20093

## II.

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a habeas application may not be granted with respect to any claim that was adjudicated on the merits in state court, unless the state decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding."  28 U.S.C. § 2254(d)(1), (2).

Section 2254(d)(1) is applied to questions of law as well as mixed questions of law and fact. *Penry v. Johnson*, 532 U.S. 782, 792 (2001).  The state court's decision is contrary to the Supreme Court's clearly established precedent if the state court either "applies a rule that contradicts the governing law set forth in [Supreme Court] cases," or "confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a [different result]." *Penry*, 532 U.S. at 792 (internal quotations and citations omitted).  The state court's decision is an unreasonable application of the Supreme Court's clearly established precedent if it "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." *Id.* (internal quotations and citations omitted).  Under Section 2254(d)(2), we "must presume that the state court's factual findings are correct unless [Burkett] meets his burden of rebutting that presumption by clear and convincing evidence." *Reed v. Quarterman*, 555 F.3d 364, 368 (5th Cir. 2009) (citing 28 U.S.C. § 2254 (e)(1)).

5

No. 08-20093

### III.

In his first claim of error, Burkett argues that, during summation, the prosecutor improperly bolstered the testimony of A.P., the victim and sole eyewitness. He contends that the improper remarks denied him due process.[2]

After the trial court issued its charge to the jury, the prosecutor waived opening argument and allowed defense counsel to present his closing argument first. During his closing argument, Burkett's counsel attacked A.P.'s credibility and the credibility of her identification of Burkett as the perpetrator. He further argued that the prosecution's investigation was flawed and sloppy.[3]

In rebuttal, the prosecutor told the jury that "A[.P.'s] testimony is very credible. More detailed than you get from most adults in the same situation"; that "what [A.P.] told in addition to [her statement to police] was the truth is what I submit to y'all"[4]; and that "[A.P.] told the truth." Defense counsel did not object to these statements. The prosecutor then argued that

> [A.P.] . . . was able to testify in addition to the original statement about two things. And she told you the truth. Why? Because, number one, I went out there and I did my job. I went out there and

---

[2] The Texas Court of Appeals held this claim was procedurally barred because Burkett's counsel failed to perfect his objection to the prosecutor's argument. *Burkett v. Quarterman*, No. H-07-1782, 2008 WL 219511, at *6 n.33 (S.D. Tex. Jan. 24, 2008). But, the State failed to raise the procedural bar as an affirmative defense in its motion for summary judgment; therefore, Burkett had no notice or opportunity to respond. Accordingly, we properly address the claim on the merits. *Prieto v. Quarterman*, 456 F.3d 511, 518 (5th Cir. 2006).

[3] Defense counsel argued that the prosecution's witnesses had misidentified Burkett as the perpetrator. Defense counsel was especially critical of the fact that A.P. had not "told anybody" prior to trial that the perpetrator was masturbating or that the perpetrator had a tattoo on his arm; and suggested that her testimony had been "tainted" and "possibly coached." He also argued that the prosecution had provided A.P. and Dusty Steede with a suggestive photo array.

[4] The facts "in addition to" what A.P. told investigators are that petitioner was masturbating and had a dark mark or tattoo on his upper-arm.

No. 08-20093

I talked to her at her house. I went to the scene and took photographs.

Defense counsel objected on the grounds that the prosecutor was injecting himself as a witness and that he had "done these things." The prosecutor replied that he was "addressing defense counsel's arguments." The trial judge stated, "Let's avoid this area." The prosecutor, however, continued with, "I went out and spoke to the young girl, and she told me--." Defense counsel objected again, stating "I think he's making himself a witness. He can't testify about what she told him." The trial judge stated, "You can state what you heard from the witness stand." The prosecutor complied. Near the end of the summation, the prosecutor told the jury, "What you have here is good police work based on good eyewitness testimony by a brave young woman."

The state habeas court concluded that the prosecutor's arguments about A.P.'s credibility were a proper response to defense counsel's closing argument in which A.P.'s account of the events was questioned, and therefore Burkett was not prejudiced.

The district court held that, under AEDPA, the state habeas court's assessment was unreasonable because some of the prosecutor's remarks were improper. Despite this ruling, the court found that the state habeas court's assessment of any prejudice resulting from the improper comments was reasonable.

Improper remarks by a prosecutor "are a sufficient ground for habeas relief only if they are so prejudicial that they render the trial fundamentally unfair." *Hughes v. Quarterman*, 530 F.3d 336, 347 (5th Cir. 2008) (citations omitted). "Such unfairness exists only if the prosecutor's remarks evince either persistent and pronounced misconduct or ... the evidence was so insubstantial that (in probability) but for the remarks no conviction would have occurred." *Id*.;

*see also Geiger v. Cain*, 540 F.3d 303, 308 (5th Cir. 2008). "The relevant question is whether the prosecutors' comments so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Hughes*, 530 F.3d at 347 (citing *Darden v. Wainwright*, 477 U.S. 168, 181 (1986)).

Under these facts, most of the prosecutor's remarks regarding the truthfulness of A.P.'s testimony were not improper. The remarks were offered "in fair reply" to defense counsel's attacks on A.P.'s credibility and on the prosecutor's investigation tactics. *See United States v. Hiett*, 581 F.3d 1199, 1204 (5th Cir. 1978). Burkett has not shown that the state court's conclusion that the remarks were proper was an unreasonable application of the law. § 2254(d)(1).

However, the prosecutor's arguments regarding A.P.'s testimony being more detailed and credible because of his role in the investigation (e.g., "I went out there and I did my job") were improper. "[A] personal assertion by a prosecutor of a government witness's credibility is impermissible." *United States v. Gracia*, 522 F.3d 597, 601 (5th Cir. 2008) (citing *Berger v. United States*, 295 U.S. 78, 88 (1935)). The prosecutor improperly gave A.P.'s testimony "the imprimatur of the Government" that could have led the jury to trust the prosecutor's judgment rather than its view of the evidence. *United States v. Martinez-Larraga*, 517 F.3d 258, 271 (5th Cir. 2008). Accordingly, the state habeas court's assessment of these remarks was an unreasonable application of the law. *See* § 2254(d)(1).

But, as the district court held, Burkett was not prejudiced by the improper remarks, for several reasons. First, the State presented substantial evidence against Burkett. A.P. testified at trial that she saw Burkett expose himself and masturbate in front of her. Though there were inconsistencies in her testimony,

defense counsel cross-examined her; the jury was able to assess her credibility. Her identification of Burkett and of his car was contemporaneously confirmed by Dusty Steede. This identification of Burkett as the perpetrator was further strengthened by the fact that both A.P. and Dusty identified Burkett as the person they saw on the day of the crime in independently conducted photo arrays.

Second, before the prosecutor's argument, the state trial court instructed the jury that the statements and arguments made by the prosecutor were not to be accepted as evidence; that any argument inconsistent with the law must be disregarded; and that the jurors were the exclusive judges of the credibility of the prosecution's witnesses and the quality of the prosecution's evidence. While a stronger curative instruction could have been made, *see Ward v. Dretke*, 420 F.3d 479, 499 (5th Cir. 2005), we presume that the jury followed the court's instructions and gave the prosecutor's arguments the appropriate weight, *see United States v. Millsaps*, 157 F.3d 989, 993 (5th Cir. 1998) (citing *Zafiro v. United States*, 506 U.S. 534, 540 (1993)).

Finally, the state trial court also sustained defense counsel's two objections to the prosecutor's argument and admonished the prosecutor each time regarding the limits of his arguments. The court thereby further indicated to the jury that the prosecutor's arguments—though slight—were improper and should be ignored.

After reviewing the record, we agree with the district court that, based on the trial as a whole, the state court's decision was not unreasonable. Accordingly, we deny habeas relief on this claim.

## IV.

In his second claim of error, Burkett asserts that he received ineffective assistance when his counsel failed to preserve for appeal his objections to the prosecutor's improper argument and, but for that failure, the Texas Court of Appeals would have reversed his conviction.

The state habeas court ruled that Burkett did not prove that trial counsel was deficient for failing to object to the prosecutor's improper remarks in closing argument, nor did he prove that the outcome of the trial would have been different if trial counsel had objected.

The district court correctly noted that the state habeas court misconstrued Burkett's claim: "Rather than deciding whether counsel's *failure to preserve* the improper bolstering claim for appeal was deficient or prejudicial to Burkett's appeal, the state habeas court decided that counsel's *failure to object* to the prosecutor's improper argument was neither deficient nor prejudicial to Burkett's trial." *Burkett v. Quarterman*, 2008 WL 219511, at *11 (emphasis added). The district court then ruled that counsel's performance was deficient, but that Burkett was not prejudiced by the performance.

"In all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. CONST. amend VI. Under the well-established *Strickland* test, Burkett must show (1) that his counsel's performance was deficient, and (2) that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 689-94 (1984). "To establish deficient performance, a petitioner must demonstrate that counsel's representation 'fell below an objective standard of reasonableness.'" *Wiggins v. Smith*, 539 U.S. 510, 521 (2003) (citation omitted). Counsel "is strongly presumed to have rendered adequate assistance and made all significant

decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690. "[T]o establish prejudice, a defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Wiggins*, 539 U.S. at 534 (citation omitted); *Green v. Johnson*, 160 F.3d 1029, 1035-36 (5th Cir. 2000). "A reasonable probability is probability sufficient to undermine confidence in the outcome." *Wiggins*, 539 U.S. at 534.

In the habeas context, the state court's determination of whether counsel rendered effective assistance is a mixed question of law and fact. *Strickland*, 466 U.S. at 698; *see also Smith v. Quarterman*, 515 F.3d 392, 403 (5th Cir. 2008).

**A.**

Because the state court misconstrued Burkett's ineffective assistance claim, we cannot say that the claim was "adjudicated on the merits" for the purposes of AEDPA. *See Henderson v. Cockrell*, 333 F.3d 592, 600-01 (5th Cir. 2003). Therefore, in these circumstances, our precedent under AEDPA requires that we apply de novo review rather than the usual highly deferential standard. *See id.*; *see also Carty v. Thaler*, 583 F.3d 244, 253 (5th Cir. 2009).

The district court correctly adopted the de novo standard, but only as applied to the performance prong of the ineffective assistance claim. This was error. Where an exhausted ineffective assistance claim is not adjudicated on the merits by the state habeas court, we have applied de novo review to the performance *and* prejudice prongs. *See Carty*, 583 F.3d at 253; *Jones v. Jones*, 163 F.3d 285, 300-07 (5th Cir. 1998). We therefore apply de novo review to both prongs of Burkett's ineffective assistance claim.

11

No. 08-20093

**B.**

*1.*

Assessment of Burkett's counsel's performance is straightforward. Texas law requires counsel to perfect objections by requesting a curative instruction and moving for a mistrial. *Penry v. State*, 903 S.W.2d 715, 764 (Tex. Crim. App. 1995). As the district court held, counsel failed to request the curative instruction and move for mistrial after the trial judge sustained his objections to the prosecutor's improper remarks. This failure is sufficient to prove deficient performance. *See Ward v. Dretke*, 420 F.3d 479, 491-92 (5th Cir. 2005) ("[Counsel]'s failure to seek a curative instruction after his objection was sustained, however, cannot be considered an objectively reasonable tactical decision based on an informed trial strategy.").

*2.*

On the prejudice prong, we agree with the district court that the state habeas court's application of the *Strickland* prejudice standard was incorrect. The state habeas court required Burkett to "prove that the outcome of the trial would have been different" had trial counsel not acted deficiently. Instead, Burkett had to show only "a reasonable probability" that the trial result would have been different. *Wiggins*, 539 U.S. at 534. Nonetheless, "[e]ven though a state court may apply an incorrect legal standard, a federal habeas court must still determine whether the state court's ultimate conclusion—that [petitioner] did not have a meritorious *Strickland* claim—is objectively unreasonable." *Moreno v. Dretke*, 450 F.3d 158, 168 n.7 (5th Cir. 2006) (citing *Neal v. Puckett*, 286 F.3d 230, 246 (5th Cir. 2002) (en banc)). Thus, as the district court noted, we still determine whether the state court's ultimate conclusion—that Burkett was not prejudiced—was unreasonable.

12

No. 08-20093

But we disagree with the district court's assessment of the showing for prejudice. The district court cited *Henderson*, 333 F.3d at 600-01, for the proposition that to determine prejudice where counsel fails to preserve the claim, the habeas petitioner must demonstrate "a reasonable probability that the Texas Court of Appeals would have reversed the petitioner's conviction on appeal." *Burkett*, 2008 WL 219511, at *12. However, in *Henderson*, this court also evaluated whether the petitioner could demonstrate a reasonable probability that a mistrial would have been granted if counsel had moved for one. 333 F.3d at 601. In this case, the district court also should have considered whether Burkett could demonstrate a reasonable probability that if counsel had requested a curative instruction and, if such an instruction had been given, it might have affected the jury's decision. Under different facts—e.g., a more pervasive improper argument from the prosecutor, or less substantial evidence against Burkett—a curative instruction might have had a reasonable probability of affecting the result in this case. *See Ward*, 420 F.3d at 499 (noting the mitigating effects of a contemporaneous curative instruction).

Nonetheless, we find that Burkett has not made either showing, as the evidence was substantial and the prosecutor's improper arguments relatively brief. Accordingly, we deny habeas relief on his ineffective assistance of counsel claim.

## V.

Finally, in this appeal Burkett reintroduces the remaining ineffective assistance of counsel and prosecutorial misconduct claims that were rejected by the district court and for which we denied a COA. We dismiss these claims. *See* 28 U.S.C. § 2253(c)(1) (prohibiting appeal unless a COA is granted); *see also id.*

13

§ 2253(c)(3) (requiring the COA to indicate the specific issues for which it is granted).

## VI.

For all the foregoing reasons, we AFFIRM the district court's denial of habeas relief.