**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**April 15, 2004**

**Charles R. Fulbruge III**
**Clerk**

REVISED MAY 3, 2004

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-40594
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALLEN PETTY. JR., also known as Al Petty,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:02-CR-45-1
--------------------

Before SMITH, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Allen Petty, Jr. (Petty) appeals the 292-month sentence imposed after a jury convicted him of 44 counts of mail and wire fraud (fraud counts) and 54 counts of money-laundering and other illegal financial transactions (money-laundering counts) arising from a "Ponzi scheme." Petty contends that the district court wrongly determined that (1) the losses caused by the crime exceeded $7 million; (2) there were more than 50 victims of the scheme;

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

(3) Petty was relocating his operation to Canada to evade law enforcement or regulators; (4) Petty was an organizer or leader of a criminal activity with five participants or that was otherwise extensive; and (5) Petty abused a position of trust to further the crime.

Under the United States Sentencing Guidelines' provisions pertaining to the grouping of counts, the Probation Officer preparing the Presentence Report (PSR) calculated two separate offense levels, one for the fraud counts and one for the money-laundering counts. The money-laundering offense level was based in part on the fraud offense level. Petty's ultimate sentence was based on the offense level for the money-laundering counts, which was higher than the offense level for the fraud counts. <u>See</u> U.S.S.G. §§ 2S1.1, comment. (n.6) (directing application of § 3D1.2(c) in money-laundering cases), § 3D1.2(c) (directing grouping of fraud and money-laundering accounts), § 3D1.3(a) (directing use of highest offense level where offenses are grouped pursuant to § 3D1.2(c)).

The sentencing court did not exceed its "great latitude" in making a "reasonable estimate" that the amount of loss exceeded $7 million. <u>See</u> U.S.S.G. § 2B1.1(b)(1)(K) & comment. (n.2(C)); <u>United States v. Ravitch</u>, 128 F.3d 865, 870 (5th Cir. 1997) ("great latitude"). The calculation was in accord with <u>United States v. Deavours</u>, 219 F.3d 400, 402 (5th Cir. 2000), and U.S.S.G. § 2B1.1, comment. (n.2(F)(iv)). The court committed no error.

2

The finding of the number of victims is reviewed only for plain error because Petty failed to apprise the district court specifically of the ground for his objection. See United States v. Maldonado, 42 F.3d 906, 910-12 (5th Cir. 1995); U.S.S.G. § 2B1.1(b)(2)(A). The PSR found, and the record shows, that there were more than 2000 victims. Petty stipulated that more than 50 investors had not received repayment, and he provides no reasonable basis for excluding any of them from the number of victims. Petty fails to show that the determination of the number of victims was erroneous in any way.

Petty's offense level was increased because he was participating in a relocation of his scheme to Canada in order to evade law enforcement. See U.S.S.G. § 2B1.1(b)(8). Petty admitted that he was relocating his operation, and his unsworn assertions of a legitimate motive for the relocation failed to rebut the PSR's findings that indicated Petty was hoping to evade law enforcement. Absent rebuttal evidence, the district court was entitled to rely on the PSR's findings without further inquiry. See United States v. Huerta, 182 F.3d 361, 364-66 (5th Cir. 1999). The district court did not err.

Petty makes no argument on appeal relevant to the increase of the money-laundering offense level based upon Petty's role as "an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive." U.S.S.G. § 3B1.1(a). He waives appeal of this issue by failing to address

it.  See United States v. Reyes, 300 F.3d 555, 558 n.2 (5th Cir. 2002) (failure to provide legal or factual analysis of issue results in its waiver).  The arguments Petty does make about the role-adjustment pertain only to the fraud counts.  Lowering the fraud-count offense level based on the role adjustment would not reduce Petty's sentence because this adjustment was not used to calculate the money-laundering offense level or, therefore, the total offense level.  Accordingly, any error would be harmless under FED. R. CRIM. P. 52(a).  In any event, Petty failed to show any error in the court's finding that he was the leader or organizer of a criminal activity that was extensive.  See United States v. Fullwood, 342 F.3d 409, 414-15 (5th Cir. 2003).

Petty's claim concerning the adjustment for abuse of a position of trust pertains only to the fraud offense level and would not affect his sentence.  Nonetheless, we hold that the district court committed no error, clear, plain, or otherwise by concluding that Petty used a "position of trust" to further his crime.  See U.S.S.G. § 3B1.3; United States v. Buck, 324 F.3d 786, 793 (5th Cir. 2003); United States v. Dahlstrom, 180 F.3d 677, 685 (5th Cir. 1999).

The judgment of the district court is AFFIRMED.

AFFIRMED.

4