United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 21, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-40684
Summary Calendar

CHON PATRICK DIMAS,

Petitioner-Appellant,

versus

DOUG DRETKE, DIRECTOR, TEXAS DEPARTMENT OF
CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS
DIVISION,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:02-CV-206-RHC-HWM
--------------------

Before GARZA, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:*

Chon Patrick Dimas, Texas prisoner #851077, requests a

certificate of appealability ("COA") to appeal the district

court's denial of his 28 U.S.C. § 2254 petition as untimely under

28 U.S.C. § 2244(d).  See 28 U.S.C. § 2253(c)(1)(A).  Demis

argues that because he filed a motion for an extension of time to

file a 28 U.S.C. § 2254 petition before the expiration of the

limitations period, the instant petition is timely.  He further

avers that he is entitled to equitable tolling of the limitations

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

period because the magistrate judge, in denying the motion for extension of time as unnecessary, stated that he had until March 6, 2003, to file a timely 28 U.S.C. § 2254 petition.  He argues that he was misled into believing that he had until that date to file his petition.

The one-year limitations period of 28 U.S.C. § 2244(d) may be subject to equitable tolling "in rare and exceptional circumstances."  Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998).  It "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights."  Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999) (internal quotation marks and citation omitted).  A district court's refusal to invoke the doctrine of equitable tolling is reviewed for abuse of discretion.  Molo v. Johnson, 207 F.3d 773, 775 (5th Cir. 2000).

The record shows that on April 15, 2002, and before the expiration of the limitations period, Demis filed his motion for extension of time to file a 28 U.S.C. § 2254 petition.  The motion was not ruled on until July 1, 2002, after the expiration of limitations period.  The magistrate judge, in denying the motion as unnecessary, stated that Demis had until March 6, 2003, to file a timely habeas petition.  Demis's current petition was filed before that time.

We conclude that Demis has shown rare and exceptional circumstances warranting the tolling of the limitations period

and that reasonable jurists would conclude that the district court's procedural ruling was incorrect.  <u>See</u> <u>United States v. Patterson</u>, 211 F.3d 927, 929 (5th Cir. 2000); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).  Accordingly, a COA is hereby GRANTED. The district court's judgment denying Demis's 28 U.S.C. § 2254 petition as time-barred is hereby VACATED, and this case is REMANDED to the district court for consideration of the constitutional claims set forth in Demis's habeas petition.

GRANT COA; VACATE and REMAND.