IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 6, 2008

Charles R. Fulbruge III
Clerk

No. 06-40616

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

ALLEN PETTY, JR.

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas

Before JONES, Chief Judge, and WIENER and CLEMENT, Circuit Judges.

PER CURIAM:

Appellant Allen Petty, Jr. ("Petty") appeals the district court's denial of his motion for collateral relief under 28 U.S.C. § 2255 as untimely, arguing the court should have equitably tolled the limitations period. Because the district court did not abuse its discretion, we affirm.

BACKGROUND

In October 2002, a jury convicted Petty of 98 counts of fraud and money laundering arising from an elaborate "Ponzi" scheme he concocted involving more than 2,000 victims. See United States v. Petty, 96 F. App'x 180, 181–82 (5th Cir. 2004) (per curiam) (unpublished). He was later sentenced to 292 months' imprisonment. This court affirmed the sentence and conviction on April

15, 2004. Id. at 182. The opinion was revised immaterially on May 3, 2004, but retained the April 15 release date. Petty did not seek further review from this court or a writ of certiorari from the United States Supreme Court. The mandate issued May 7, 2004.

Petty filed his 28 U.S.C. § 2255 motion no sooner than August 4, 2005, the date he signed and delivered it to prison officials.[1] In the motion, Petty raised claims of ineffective assistance of trial and appellate counsel. The Government moved to dismiss the § 2255 motion as untimely. The Government noted that Petty's conviction was affirmed on April 15, 2004, and became final 90 days later, on July 14, 2004, when Petty had not filed a petition for a writ of certiorari with the United States Supreme Court. The Government asserted, therefore, that the one-year limitation period for Petty's § 2255 motion expired on July 14, 2005, and thus Petty's August 4, 2005 motion was time-barred.

Petty filed a response arguing that his direct appeal was not final until May 7, 2004, based on (1) the revised opinion this court released May 3; (2) the issuance of the mandate on May 7; and (3) information provided by an assistant clerk of the district court that May 7 was the date on which his "direct appeal was affirmed." Alternatively, he contended that he was entitled to equitable tolling because he relied on the assistant clerk's statement as well as an assertion by his appellate counsel that the conviction was affirmed in May.[2] Petty testified by affidavit that the assistant clerk told his assistant, Judy Hamilton ("Hamilton"), that the "direct appeal was affirmed on May 7, 2004." Hamilton's affidavit stated the same.

---

[1] See Spotville v. Cain, 149 F.3d 374, 377 (5th Cir. 1998) (stating that a pro se prisoner's petition is deemed filed when tendered to prison officials for mailing).

[2] Petty's affidavit is the only evidence in the record that his appellate counsel told him his conviction was affirmed in May 2004.

In his surreply to the Government's reply brief, Petty attached an affidavit from Faye Thompson ("Thompson"), an assistant clerk of the district court, who stated that Hamilton telephoned her sometime in May 2005 and asked for "the date that the denial of Mr. Allen Petty's appeal became final." Thompson stated she "looked on the computer and determined that the date was May 7, 2004," and that she informed Hamilton of that date. Thompson's affidavit was executed in January 2006, in response to the Government's doubts regarding with whom Hamilton talked at the clerk's office and "what was said."

The magistrate judge recommended that Petty's § 2255 motion be denied as untimely. The magistrate judge noted that the conviction was affirmed on April 15, 2004, not on May 3, 2004, after immaterial revision. The magistrate judge also noted that even if the time for seeking a writ of certiorari began on May 3, 2004, the § 2255 motion would still be untimely.

The magistrate judge rejected Petty's equitable tolling argument. The magistrate judge found that Petty had received accurate information from this court and from his lawyer that his conviction had been affirmed on April 15, 2004.[3] Further, the phone statement from the clerk's office was merely a reference to the issuance of the mandate, which Petty knew or should have known had no effect on the timing of his appeals or postconviction relief. The magistrate judge concluded that Petty's reliance on the theory that the 90-day period for filing a petition for writ of certiorari commenced on May 7, 2004, could not be justified.

The district court reviewed Petty's objections de novo, adopted the magistrate judge's recommendation, denied the § 2255 motion, and denied a certificate of appealability ("COA"). This court granted a COA on the issue "whether the district court abused its discretion by rejecting Petty's argument

---

[3] Although Thompson's affidavit was available to the magistrate judge at the time of the report and recommendation, the magistrate referred only to Hamilton's affidavit.

for equitable tolling where he allegedly relied on misinformation from an assistant clerk of the district court despite evidently having received correct information from this court and his appellate lawyer."[4] United States v. Petty, No. 06-40616 (5th Cir. July 20, 2007).

## DISCUSSION

"The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable." United States v. Patterson, 211 F.3d 927, 930 (5th Cir. 2000) (per curiam) (internal quotations omitted). This court has concluded that the one-year limitations period of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), as codified in 28 U.S.C. § 2255, is not jurisdictional and, therefore, is subject to equitable tolling.[5] United States v. Wynn, 292 F.3d 226, 230 (5th Cir. 2002). Thus, a district court has the discretion to toll the AEDPA limitations period, and we review for an abuse of that discretion. Id. at 229-30.

The decision whether to equitably toll the limitations period turns on the facts and circumstances of each case. Felder v. Johnson, 204 F.3d 168, 171 (5th Cir. 2000); see also Alexander v. Cockrell, 294 F.3d 626, 628 (5th Cir. 2002) (per curiam) (stating that factual findings regarding equitable tolling are reviewed for clear error). But equitable tolling is permitted only "in rare and exceptional

---

[4] On appeal, Petty does not contend that his § 2255 motion was timely in the absence of equitable tolling. Thus equitable tolling, the issue certified for appeal, is the only issue before the court.

[5] The Supreme Court's recent holding in Bowles v. Russell, 127 S. Ct. 2360 (2007), is not applicable here. In Bowles, the Court held that courts were prohibited from creating equitable exceptions to statutory jurisdictional requirements, such as the time for filing a notice of appeal. Id. at 2366. As noted above, this circuit does not view the AEDPA limitations period as a jurisdictional bar, but rather as a statute of limitations that functions as an affirmative defense. See FED. R. CIV. P. 8(c); Day v. McDonough, 547 U.S. 198, 205, 126 S. Ct. 1675, 1681 (2006) (describing AEDPA limitations period as a "defense" and nonjurisdictional). We read nothing in Bowles that would overturn our prior decisions. See Diaz v. Kelly, 515 F.3d 149, 153 (2d Cir. 2008) (concluding Bowles does not apply to AEDPA limitations period).

circumstances." Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998); see also Minter v. Beck, 230 F.3d 663, 666–67 (4th Cir. 2000) ("[E]quitable tolling of the AEDPA's one year limitation period is reserved for those rare instances where — due to circumstances external to the party's own conduct — it would be unconscionable to enforce the limitation period against the party and gross injustice would result.") (quotation omitted).

Petty bears the burden of establishing equitable tolling is appropriate. See Phillips v. Donnelly, 216 F.3d 508, 511 (5th Cir.), modified on reh'g, 223 F.3d 797 (2000) (per curiam). In order to satisfy his burden, Petty must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" of timely filing his § 2255 motion. Lawrence v. Florida, 127 S. Ct. 1079, 1085 (2007).

In arguing that the district court abused its discretion by not equitably tolling the limitations period for his § 2255 motion, Petty contends that his counsel never told him about filing deadlines, and that he was justified in relying on Thompson's assertion that his appeal became final on May 7, 2004. The Government contends that allegedly incorrect or misunderstood information from an assistant clerk was not a rare and exceptional circumstance justifying equitable tolling, especially when Petty had already been given correct information.

It could be argued, based on Thompson's affidavit, that the magistrate judge erred in finding that the district court clerk's statement to Hamilton concerned the issuance of the mandate. But the district court concluded that Petty was not justified in relying on allegedly misleading information, however obtained, because he had ample notification of the actual date that his conviction was affirmed and when the limitations period began. We agree.

The issuance of the mandate does not determine when a conviction is final for purposes of the AEDPA statute of limitations. See United States v. Gamble,

208 F.3d 536, 536 (5th Cir. 2000) (per curiam). And under Supreme Court Rule 13(3), the 90-day period for seeking a writ of certiorari runs from the date of entry of judgment, not the date the mandate issues. The binding law indicates that Petty should have known that April 15, 2004, the date the original opinion issued from this court, was the relevant date for limitations purposes, not the date the mandate issued. In Lawrence, the Supreme Court concluded that confusion as to the filing deadline and counsel error in calculating the limitations period fell "far short of showing extraordinary circumstances necessary to support equitable tolling."[6] 127 S. Ct. at 1086 (internal quotations omitted).

Petty contends his status as a pro se litigant relieves him of possessing detailed knowledge of the procedural nuances of § 2255 motions.[7] Proceeding pro se is alone insufficient to equitably toll the AEDPA statute of limitations. Lookingbill v. Cockrell, 293 F.3d 256, 264 n.14 (5th Cir. 2002). Further, the lack of legal training, ignorance of the law, and unfamiliarity with the legal process are insufficient reasons to equitably toll the AEDPA statute of limitations. Felder, 204 F.3d at 171–72; see also Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999). Petty was required to follow the applicable procedural rules governing AEDPA motions.

Likewise, ineffective assistance of counsel is irrelevant to the tolling decision because a prisoner has no right to counsel during post-conviction

---

[6] Lawrence declined to address whether equitable tolling was available under 28 U.S.C. § 2244(d). 127 S. Ct. at 1087. Because the parties in that case agreed that it was available, the Court proceeded to discuss whether defendant's claims met the standards for equitable tolling. Id. Because equitable tolling is a discretionary and equitable doctrine, and this court has concluded it is available to those who, like Petty, make motions under 28 U.S.C. § 2255, Lawrence's equitable tolling analysis is instructive.

[7] Despite Petty's plea of ignorance and his claim he is "unlettered at law," the record indicates he was sophisticated enough to run an elaborate "Ponzi" scheme that involved luring investments into a fraudulent company. He also attempted to relocate to Canada to avoid detection by law enforcement.

proceedings. *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002). Mere attorney error or neglect is not an extraordinary circumstance such that equitable tolling is justified. *Id.* Although Petty contends his appellate counsel instructed him that May 7, 2004, was the date his conviction became final, the record demonstrates, as discussed below, that he was told otherwise on at least two other occasions, including once by this court. These alleged discrepancies should have alerted Petty to determine the actual date when the conviction became final. His failure to do so is not an "extraordinary circumstance" requiring equitable tolling of the AEDPA limitations period.

Furthermore, Petty's reliance on Thompson may be deemed unreasonable in light of the other information he received. Petty's allegations of ignorance are contradicted by the district court's factual finding that this court and his lawyer advised him that his conviction was affirmed on April 15, 2004, that the time had begun for seeking certiorari, and that the mandate was irrelevant to any limitation period.

Petty received the following communication from this court on April 15, 2004:

> Enclosed is a copy of the court's decision. The court has entered judgment under Fed. R. App. P. 36. (However, the opinion may yet contain typographical or printing errors which are subject to correction.)
>
> . . .
>
> Pro Se Cases. If you were unsuccessful in the district court and/or on appeal, and are considering filing a petition for certiorari in the United States Supreme Court, you do not need to file a motion for stay of mandate under Fed. R. App. P. 41. The issuance of the mandate does not affect the time, or your right, to file with the Supreme Court.

Likewise, Petty's trial counsel stated the following by affidavit in his motion to withdraw:

> . . . I explained that he has the right to appeal to the United States Supreme Court. . . . He may do so by filing a petition for writ of certiorari to the U.S. Supreme Court within 90 calendar days of the date of this Court's April 15 written order denying his appeal. . . .
>
> . . .
>
> . . . I explained the consequences of the Anti-Terrorism and Effective Death Penalty Act of 1996, which places a time limitation on his ability to file a federal application for writ of habeas corpus. Such an application must be filed no later than one year from the date his direct appeal is exhausted, which would be the date that the Fifth Circuit denied his appeal, or in the event that he appealed to the U.S. Supreme Court, the date that the Court denies his petition for writ of certiorari.

Although Petty contends he was never informed by counsel of AEDPA's requirements, nor did he receive counsel's motion to withdraw, the discrepancy between the letter he received from this court and the ambiguous, secondhand advice he received from an assistant clerk in the Eastern District of Texas that our decision became "final" on May 7, 2004, should have prompted Petty to investigate further what date specifically governed the limitations period for any potential § 2255 motion. His failure to do so demonstrates the lack of proper diligence in asserting his rights necessary to meet the burden of showing equitable tolling was appropriate. See Lawrence, 127 S. Ct. at 1085. And even if we were to accept his affidavit testimony that appellate counsel later instructed him that May 7, 2004, was the date his appeal became "final," mere attorney error or neglect is not an extraordinary circumstance to justify equitable tolling. Riggs, 314 F.3d at 799.

Petty primarily relies on this court's decision in Patterson, in which this court stated that the "exceptional circumstances" necessary to justify equitable tolling exist when a party is misled by an affirmative, but incorrect,

representation of a court on which he relies to his detriment.[8]   Patterson,
211 F.3d at 930-31  (quoting Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir.
1999)).  Although Petty claims to have relied upon Thompson's statement as the
"incorrect representation" he received from a court, the court's error in Patterson
was far more serious, and thus the two cases are distinguishable.

In Patterson, the district court allowed the pro se defendant to withdraw
his timely filed § 2255 motion "so that he could find an experience[d] writ-
writer."  Id. at 928 (alteration in original).  The court granted the motion just
days before the original limitations period was set to expire.  Almost a year later,
believing that the new deadline for filing his § 2255 motion was one year from
the dismissal of his old motion, Patterson moved for an extension.  Otherwise,
he claimed, this new motion would be time-barred.  Id. at 930.  The district court
denied Patterson's motion, and ruled that the statute of limitations on his claim
had just expired, that is, one year from the date of the withdrawal of the old
motion.  Id.

Equitable tolling was warranted in Patterson's case because the district
court induced Patterson into believing that he had another year in which to file
his new petition.  Id. at 931–32.  This court's conclusion was supported by the
district court's own ruling indicating the limitations period expired one year
after the withdrawal and dismissal of the old § 2255 motion.  Id. at 931.
Patterson was the victim of "rare and extraordinary" circumstances.

The instant case is not so compelling.  The degree to which Petty was
allegedly misled by the assistant clerk is hardly analogous to Patterson's

---

[8] We note that even though Petty, through Hamilton, may have been told by Thompson
that his appeal became "final" on May 7, 2004, that statement is not sufficiently clear for a
party to assume that May 7 was the relevant date to be marking for limitation-period purposes
under § 2255.  In some sense, the appeal did become "final" on May 7, 2004, because that is
when the mandate issued.  Thus, Thompson was not necessarily incorrect.  See Patterson, 211
F.3d at 931 (stating equitable tolling may be justified when party is misled by an incorrect
representation of the court).

attempt to comply with a misguided order of the court.[9] Moreover, Petty had an official document from this court informing him that judgment was entered on April 15, 2004, and that "issuance of the mandate does not affect the time, or your right, to file with the Supreme Court." Petty's reliance on Thompson's affidavit was plainly unreasonable. The district court did not abuse its discretion by denying equitable tolling.

## CONCLUSION

Petty's conviction became final on July 14, 2004, 90 days after this court affirmed it on April 15, 2004. The limitation period under 28 U.S.C. § 2255 expired on July 14, 2005. Because equitable tolling, was not appropriate in this instance, Petty's August 2005 § 2255 motion was time-barred.

The judgment of the district court is AFFIRMED.

---

[9] Cf. Prieto v. Quarterman, 456 F.3d 511, 515 (5th Cir. 2006) (concluding equitable tolling was justified in rare circumstance when district court granted defendant permission to file petition after AEDPA limitations period, then dismissed petition as time-barred); Davis v. Johnson, 158 F.3d 806, 812 (5th Cir. 1998) (same).