# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 12, 2010

No. 09-20423
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RONALD BARRY FORRESTER, also known as Ron Forrester; LESLIE JANET
FORRESTER, also known as Leslie Janet Hocker,

Defendants-Appellants

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:08-CV-3215
USDC No. 4:08-CV-3217

Before KING, BENAVIDES, and ELROD, Circuit Judges.

PER CURIAM:[*]

Ronald Barry Forrester and Leslie Janet Forrester appeal the district
court's dismissal of their 28 U.S.C. § 2255 motions as time barred. Their
motions challenged their 2003 convictions under 18 U.S.C. § 1001. We granted
them certificates of appealability as to "whether the district court erred in
calculating the date that their § 2255 motions were due given that the Forresters

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

contend that they timely filed petitions for panel rehearing of their direct appeals."

Under § 2255(f), a one-year limitations period applies to § 2255 motions. The limitations period does not begin to run until, at the earliest, "the date on which the judgment of conviction becomes final." § 2255(f)(1).  The Supreme Court has held that finality attaches when the Supreme Court "affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires." *Clay v. United States*, 537 U.S. 522, 527 (2003).  Under Supreme Court Rule 13(3), the 90-day period to file a petition for a writ of certiorari from the judgment of a court of appeals ordinarily runs from the date that the court issues an opinion announcing the ruling. *United States v. Petty*, 530 F.3d 361, 365 (5th Cir. 2008). However, if a petition for rehearing is timely filed in the appeals court by any party, then the time for all parties to file a certiorari petition runs from the date of the denial of rehearing.  SUP. CT. R. 13(3).

In this case, we affirmed the Forresters' convictions on July 17, 2007. *United States v. Forrester*, 234 F. App'x 320, 320 (5th Cir. 2007).  Less than 14 days later, Ronald Forrester timely filed a petition for panel rehearing on July 30, 2007.  *See* FED. R. APP. P. 40(a)(1).  We denied his petition on August 14, 2007, and the time period for all parties to seek certiorari did not end until 90 days thereafter on November 13, 2007.  *See* SUP. CT. R. 13(3); *see also* SUP. CT. R. 30(1) (excluding the last day of the period if it is a federal holiday).  The Forresters timely filed their § 2255 motions less than one year after that date on October 28, 2008.  *See Clay*, 537 U.S. at 527.

Accordingly, we REVERSE the district court's dismissal of the Forresters' § 2255 motions as time barred and REMAND their cases to the district court for further proceedings.