# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-10520
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 10, 2015

Lyle W. Cayce
Clerk

JASON SIMMONS,

      Plaintiff - Appellant

v.

METHODIST HOSPITALS OF DALLAS,

      Defendant - Appellee

Appeal from the United States District Court
For the Northern District of Texas
USDC No. 3:14-CV-2958

Before WIENER, HIGGINSON, and COSTA, Circuit Judges.

PER CURIAM:*

After Methodist Hospital terminated him, Jason Simmons brought an employment discrimination lawsuit. The district court granted summary judgment, and Simmons did not appeal. Two years later, Simmons brought a second lawsuit against Methodist, the instant case in which he is *pro se*, asserting a Title VII retaliation claim as well as several state law claims all

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-10520

arising from the same set of events underlying the first suit. The district judge dismissed all of his claims at the pleading stage on limitations grounds. Simmons contends in his appeal that the district court should have applied equitable tolling.

## I.

Simmons was an internal medicine resident at Methodist for three years until he was fired in July 2010.[1] Represented by counsel, he sued Methodist for racial discrimination under Title VII and section 1981, but the district court granted summary judgment in favor of Methodist. Simmons failed to appeal.

Over two years later, in August 2014, Simmons again filed suit alleging that Methodist engaged in retaliation against him. The following month he added several state law causes of action, including negligence, defamation, fraud, breach of contract, and intentional interference with prospective contract, although he failed to include the retaliation claim in his amended complaint. The district court granted summary judgment on all of Simmons's claims, including the retaliation claim,[2] on the ground that they were barred by their respective statutes of limitations.

Although Simmons purports to raise twelve separate issues on appeal, they can be summarized as follows: (1) whether the district court erred in finding that Simmons's claims were barred by the applicable statutes of

---

[1] There is some dispute about when Methodist terminated Simmons's employment. Because we take the facts in the light most favorable to Simmons, we assume that his cause of action accrued in July 2010 when he contends Methodist made the decision to terminate his employment "final."

[2] The district court denied leave to amend to incorporate the retaliation claim in the First Amended Complaint, reasoning that such an amendment would be futile because the claim was time barred. Despite this denial, the district court later held that the retaliation claim had already been properly raised by Simmons as a *pro se* plaintiff and addressed the claim on the merits.

## No. 15-10520

limitations,[3] and (2) whether the district court abused its discretion in finding that equitable tolling was inappropriate.  In response to the appeal, Methodist filed a motion seeking sanctions against Simmons for filing a frivolous appeal.

## II.

## A.

The district court correctly found that the claims were untimely.  It is not even close for the Title VII retaliation claim, which must be filed within 90 days of receiving notice from the EEOC of his right to sue.  42 U.S.C. § 2000e–5(f)(1).  Simmons filed this suit in August 2014, almost four years after he received his right to sue letter in October 2010.

The state law claims are also time barred.  Although each has a different statute of limitations period, the longest is four years.  *See* Tex. Civ. Prac. & Rem. Code. § 16.002(a) (defamation); § 16.003(a) (negligence and intentional interference with prospective contract); § 16.004(a)(4) (fraud); § 16.051 (breach of contract).  Simmons's claims are based on events that occurred at the latest in July 2010, and this suit was filed just over four years later in August 2014. Even if the state claims relate back to the original complaint in this case, they are time barred.

## B.

We next address whether the district court abused its discretion in denying equitable tolling.  *See Teemac v. Henderson*, 298 F.3d 452, 457 (5th Cir. 2002) (stating that tolling decisions are reviewed for abuse of discretion). Although there is no exhaustive list of circumstances that justify equitable tolling, the doctrine in Title VII actions typically applies when: (1) a suit was pending between the same parties in the wrong forum; (2) the plaintiff was

---

[3] It is not clear from Appellant's brief if he is contesting whether the statutes of limitations had passed, or just the district court's refusal to apply equitable tolling.  In an abundance of caution and given Simmons's *pro se* status, we address both issues.

unaware of the facts giving rise to the claim because of the defendant's intentional concealment; or (3) the EEOC misled the plaintiff about the nature of his rights. *Alvarado v. Mine Serv., Ltd.*, No. 14-50668, 2015 WL 4578428, at *3 (5th Cir. July 30, 2015); *Hood v. Sears Roebuck & Co.*, 168 F.3d 231, 232 (5th Cir. 1999). The district court correctly found that none of these situations apply to Simmons. Nor do we see any other "extraordinary circumstances" that might warrant tolling when the plaintiff has diligently pursued his rights. *See United States v. Petty*, 530 F.3d 361, 365 (5th Cir. 2008). Simmons contends that his attorney committed numerous mistakes, such as failing to include the retaliation claim in his original suit and failing to provide Simmons with a complete case file.[4] But we have repeatedly recognized that "[m]ere attorney error or neglect is not an extraordinary circumstance such that equitable tolling is justified." *Id.* at 366; *see also Harris v. Boyd Tunica, Inc.*, 628 F.3d 237, 240 (5th Cir. 2010). We thus AFFIRM the district court's determination that Simmons's claims were time barred and that equitable tolling was not warranted.

### III.

That leaves Methodist's motion for sanctions. Methodist first requests sanctions under Federal Rule of Appellate Procedure 38, which authorizes an appellate court to impose sanctions against an appellant who prosecutes a "frivolous appeal." It also moves for sanctions pursuant to 28 U.S.C. § 1927,

---

[4] He also makes numerous conclusory allegations, such as that his attorney conspired with defense counsel and engaged in fraud. Because these allegations are unsupported with any factual specificity, the district court did not abuse its discretion in failing to toll based on these allegations.

4

which prohibits those "admitted to conduct cases in any court" from "unreasonably and vexatiously" multiplying the proceedings in any case.[5]

Although we demand a higher degree of responsibility from members of the bar, *pro se* litigants are not free to clutter the court's dockets with baseless suits. *Stelly v. Comm'r of Internal Revenue*, 761 F.2d 1113, 1116 (5th Cir. 1985). We have therefore held that sanctions on *pro se* litigants are appropriate if a court previously warned that their claims are frivolous and they are aware of "ample legal authority holding squarely against them." *Id.*

Simmons, however, received no prior warning from the district court, which denied Methodist's motion for Rule 11 sanctions. His arguments on appeal, which focused on the tolling issue, are not so baseless as to warrant the imposition of sanctions without any prior warning from a court. *See Moody v. Baker*, 857 F.2d 256, 258 (5th Cir. 1988) ("The imposition of a sanction without a prior warning is generally to be avoided.") (per curiam). We therefore DENY Methodist's motion for sanctions. But because we AFFIRM the district court's judgment, costs are taxed against Simmons consistent with the Federal Rule of Appellate Procedure 39(a)(2).

---

[5] We note that this court has not yet addressed whether a *pro se* litigant can be subject to sanctions under section 1927 and need not do so today. Even if section 1927 does apply to *pro se* litigants, we would not impose sanctions under the facts of this case.