# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

———————

No. 14-41405

———————

United States Court of Appeals
Fifth Circuit

**FILED**

April 6, 2017

Lyle W. Cayce
Clerk

ALLEN LEE HARDAWAY,

Petitioner - Appellant

v.

LORIE DAVIS, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Respondent - Appellee

———————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 6:14-CV-49

———————

Before SMITH and HAYNES, Circuit Judges, and JUNELL, District Judge.*
PER CURIAM:**

In September of 2011, Allen Lee Hardaway was convicted in Texas state court of a third-degree felony drug possession offense and was sentenced to life in prison. *Hardaway v. State*, No. 13-11-00614-CR, 2012 WL 2929496, at \*1 (Tex. App.—Corpus Christi July 19, 2012, pet. ref'd) (mem. op., not designated for publication). On direct appeal, the intermediate appellate court affirmed,

---

* District Judge of the Western District of Texas, sitting by designation.

** Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

## No. 14-41405

and his petition for discretionary review was refused on December 12, 2012. He filed nothing further on direct review.

It is somewhat unclear when Hardaway filed his state habeas petition, but, accepting Hardaway's most recent argument, the state habeas petition was filed February 14, 2014. It was denied on April 30, 2014. Using these dates, Hardaway's federal habeas application would have been due on Tuesday, May 27, 2014, because May 26 was a holiday.[1]

On May 19, 2014, Hardaway filed a motion for a 60-day extension of time to file his federal habeas application which was dated May 12, 2014 and postmarked May 15, 2014. This motion was docketed under 28 U.S.C. § 2254, and the Clerk for the United States District Court for the Southern District of Texas sent a notice on Thursday, May 22, 2014, that Hardaway's "complaint" had been filed and that the "nature of the claim" was "Habeas Corpus NOS: 530," together with a notice of deficient pleading regarding a need to file for in forma pauperis ("IFP") status. These notices were followed by a magistrate judge order dated June 18, 2014 ordering compliance with the IFP rules. Hardaway responded on July 9, 2014, noting, among other things, "Petitioner also humbly requests that the Court take note that the Petitioner filed a 'Motion for Extension of Time' and has not yet filed the actual Habeas Petition pursuant to 28 U.S.C. § 2254 that requires the filing of Informa Popuris [sic in forma pauperis] application and trust fund account statement." He finally filed his § 2254 application (which was dated and served on July 14) on July 17,

---

[1] Because no further direct appeals were filed after the December 12, 2012 decision, the clock on Hardaway's federal habeas petition began running on March 12, 2013, given the 90 days he had to file a petition for writ of certiorari. *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009). The district court also added 15 days for a petition for rehearing in the state court, but this is not a proper addition given that he did not file such a motion. *See id.* Assuming a February 14, 2014 filing of Hardaway's state habeas petition, that filing stopped the clock at a time when 340 days had passed. Once the state habeas petition was denied, the clock began running again.

2

## No. 14-41405

2014. The case was transferred to a different division within the Southern District of Texas. After some confusion over the filing fee, the magistrate judge ultimately recommended that the application be dismissed as untimely.[2] The district court dismissed the application, and a timely notice of appeal was filed to this court.

We granted a certificate of appealability on the question of whether equitable tolling should apply here.[3] Absent equitable tolling, Hardaway's application is untimely by at least 48 days.

A statutory time bar notwithstanding, the one-year limitation period for filing a § 2254 petition may be equitably tolled if tolling is warranted by "rare and exceptional circumstances." *Cousin v. Lensing*, 310 F.3d 843, 848 (5th Cir. 2002) (quoting *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)); *see also Holland v. Florida*, 560 U.S. 631, 645 (2010) ("[W]e hold that § 2244(d) is subject to equitable tolling in appropriate cases."). To receive the benefit of equitable tolling, the petitioner bears the burden of showing "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). In turn, the "extraordinary circumstances" must be factors outside the petitioner's control; "delays of the petitioner's own making do not qualify." *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006). Equitable tolling "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his

---

[2] The magistrate judge, in an order dated July 15, 2014, that evidently crossed in the mail with Hardaway's habeas application, ordered Hardaway to file his habeas petition by August 15, 2015, but expressly stated that the court was not ruling on the timeliness of the petition. The motion for extension of time was never granted.

[3] Thus, to the extent that his brief intends to also address the "state-created impediment" aspect of 28 U.S.C. § 2244(d)(1)(B) we lack jurisdiction to consider it.

No.  14-41405

rights." *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000) (quoting *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999)).  The habeas petitioner bears the burden of establishing that equitable tolling is warranted.  *See Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir.), *modified on reh'g*, 223 F.3d 797 (5th Cir. 2000).  A district court's refusal to invoke the doctrine of equitable tolling is reviewed for abuse of discretion.  *Molo v. Johnson*, 207 F.3d 773, 775 (5th Cir. 2000).

Hardaway appears to contend that the district court's docketing of his motion for extension of time caused confusion that justifies equitable tolling. However, Hardaway points to nothing in the district clerk's notice that suggests his motion for extension of time was the equivalent of an application for habeas relief.  *See United States v. Petty*, 530 F.3d 361, 367 (5th Cir. 2008) (a claim that the assistant clerk misled the petitioner as to when his habeas petition was due did not present extraordinary circumstances justifying equitable tolling);[4] *Holman v. Gilmore*, 126 F.3d 876, 880 (7th Cir. 1997) ("A § 2254 case is commenced on the date the petition is filed.").  Indeed, he knew that his motion was not a habeas petition, as evidenced by his argument in his July 9 filing responding to the IFP issue.  Hardaway also points to nothing that suggests that his motion for extension of time was granted.  Importantly, he also fails to point to anything that would demonstrate that he received the May 22 notice from the district court, mailed no earlier than the Thursday of Memorial Day weekend, by the following Tuesday and that, had he not received it, he would have filed a timely habeas application.

---

[4] Although *Petty* involved a petition for habeas relief under 28 U.S.C. § 2255, "we have recognized that the limitations provisions for §§ 2254 and 2255 are 'nearly identical'" and "because of the similarity of the actions brought pursuant to §§ 2254 and 2255, the federal courts have read them in pari materia as long as the context did not render it improper." *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000) (quoting *United States v. Flores*, 135 F.3d 1000, 1002 n.7 (5th Cir. 1998)).

No. 14-41405

This situation is quite unlike *Prieto v. Quarterman*, 456 F.3d 511, 514–15 (5th Cir. 2006). In *Prieto*, the prisoner filed a motion for an extension of time to file his petition at a later date. *Id.* at 514. The district court granted the motion and informed petitioner that he had until September 6, 2002, to file his federal habeas action—a date that was long after the expiration of the statute of limitations. *Id.* at 514–15. This was, our court said, "crucially misleading," in that the petitioner relied in good faith to his detriment on the district court's order to file his petition beyond the expiration of the limitations period. *Id.* at 515. Under these circumstances, we determined the petitioner was entitled to equitable tolling. *Id.* Unlike *Prieto,* in this case, there is no conduct-altering confusion prior to the deadline.

Hardaway also cannot benefit from the brief unpublished order in *Dimas v. Dretke*, 115 F. App'x 679, 680 (5th Cir. 2004). While few facts are set forth in that order, the record reveals that, in that case, the petitioner requested a specific number of days of tolling (56 days) due to a specific event (hospitalization) in a motion to extend filed almost 30 days before expiration of the actual limitations deadline. The magistrate judge mistakenly miscalculated the time remaining on the limitations period, thereby denying the motion as moot. Dimas subsequently filed a habeas application that was timely under the magistrate judge's miscalculated limitations deadline, but untimely under the actual limitations deadline. It was this constellation of circumstances that led to the vacatur of the district court's dismissal in that case. Hardaway's situation is not similar to Dimas's.[5]

---

[5] *Mathis v. Thaler,* 616 F.3d 461, 475 n.15 (5th Cir. 2010) also does not require reversal in this case. There, we noted cases in which we applied equitable tolling "where the district court has done something to mislead the petitioner into believing that his petition is due after the limitations period has expired." *Id.* We ultimately concluded that equitable tolling was not appropriate in that case. In this case, as Hardaway's subsequent filing shows,

No.  14-41405

Instead, this case is more similar to *Fierro v. Cockrell*, 294 F.3d 674 (5th Cir. 2002) where we concluded that the petitioner was not misled into missing the statute of limitations.  *Id.* at 682–84.  Hardaway does not contend or offer any evidence that he was misled prior to the expiration of limitations on May 27, 2014; indeed, the facts are to the contrary.  Even assuming arguendo that the clerk's docketing notice was "misleading," no evidence shows that Hardaway received the clerk's docketing notice prior to May 27, and, at best, he could have had it only a couple of days before the expiration of limitations.  *Compare United States v. Patterson*, 211 F.3d 927, 931–32 (5th Cir. 2000) (equitable tolling warranted where district court's order induced prisoner into believing he had a year to file petition when original limitations period ended days after the order issued)*, with Petty*, 530 F.3d at 367 (stating that incorrect statements by an assistant district court clerk concerning dates relevant to habeas deadline are "hardly analogous to Patterson's attempt to comply with a misguided order of the court." (footnote omitted)).  Further, the magistrate judge's order requiring him to file his habeas petition (signed after the deadline for the habeas petition and expressly reserving the issue of timeliness) was signed the day after Hardaway's habeas application was served.  Thus, it also could not have misled him into any delay.  *See Prieto*, 456 F.3d at 516 ("The likelihood that a district court's order will actually mislead a petitioner into believing that his petition is due beyond the AEDPA limitations period is the critical [factor].").

---

he was not "misled into believing that his petition [was] due after the limitations period expired."

No. 14-41405

In short, Hardaway fails to point to any proof supporting his claim of equitable tolling.[6] His argument seems to be that a timely filing of a motion for extension of time suffices to meet the deadline. However, he cites no case for that proposition, and we conclude that such a motion, standing alone, is insufficient to toll limitations. *See Fierro*, 294 F.3d at 680 (preliminary motions are insufficient to toll limitations period); *see also Kreutzer v. Bowersox*, 231 F.3d 460, 464 & n.2 (8th Cir. 2002) (although a motion for extension of time was filed within the statutory period, the court concluded that the habeas application filed after the period expired was untimely); *Williams v. Coyle*, 167 F.3d 1036, 1040 (6th Cir. 1999) (concluding that only an actual application "for the writ" constitutes the requisite filing for limitations purposes). Accordingly, the district court did not abuse its discretion in denying equitable tolling.

AFFIRMED.

---

[6] Hardaway's appeal also repeatedly references his pro se status and his lack of legal training. But these facts are insufficient to serve as bases to equitably toll the statute of limitations under § 2254. *See Petty*, 530 F.3d at 365–66.