# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 8, 2020

Lyle W. Cayce
Clerk

No. 20-60101
Summary Calendar

Sonia Maritza Deras-Leon; Joan Anthony Tabora-Deras; Cruz Humberto Valle-Deras; Jorge Antonio Tabora-Deras,

*Petitioners,*

*versus*

William P. Barr, *U.S. Attorney General,*

*Respondent.*

---

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A206 899 882
BIA No. A206 899 883
BIA No. A206 899 884
BIA No. A206 899 885

---

Before Jones, Barksdale, and Stewart, *Circuit Judges.*

Per Curiam:*

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-60101

Sonia Maritza Deras-Leon and her three minor children, natives and citizens of Honduras, entered the United States without authorization in February 2015. That November, an immigration judge (IJ) ordered Deras removed to Honduras after denying her claims for asylum, withholding of removal, and relief under the Convention Against Torture. Her claims were based on her asserted fear that her nephew, who murdered her husband and was a gang leader, would kill her and her children.

In March 2018, Deras moved to reopen based on claimed ineffectiveness of counsel who represented her in the removal proceedings. She asserted counsel was ineffective for failing to: call her son to corroborate her account of her husband's murder; present police reports showing she reported her husband's murder to police; and assert she was a member of a particular social group (PSG) identified as "informants". Deras also claimed she was entitled to equitable tolling of the 90-day limit for moving to reopen under 8 U.S.C. § 1229a(c)(7)(C)(i) because she exercised reasonable diligence and counsel failed to tell her about the possibility of appealing or reopening. She further asserted she was entitled to *sua sponte* reopening under 8 C.F.R. § 1003.23(b)(1).

The IJ denied her motion to reopen, concluding Deras had not complied with the procedural requirements for asserting ineffective assistance of immigration counsel under *Matter of Lozada*, 19 I. & N. Dec. 637, 638 (BIA 1988), and *Lara v. Trominski*, 216 F.3d 487, 496 (5th Cir. 2000). The IJ also concluded Deras had not shown she was prejudiced by counsel's claimed errors, found no need to address the issue of equitable tolling, and declined to reopen the matter *sua sponte*. The Board of Immigration Appeals (BIA) affirmed the judgment without an opinion, adopting the IJ's decision.

No. 20-60101

The IJ's decision is reviewed because the BIA adopted it. *Lugo-Resendez v. Lynch*, 831 F.3d 337, 340 (5th Cir. 2016). Motions to reopen are disfavored, and the denial of a motion to reopen is reviewed under a "highly deferential abuse of discretion standard". *Lara*, 216 F.3d at 496.

We assume without deciding that an alien has a Fifth Amendment due-process right to effective assistance of counsel in removal proceedings. *See Mai v. Gonzales*, 473 F.3d 162, 165 (5th Cir. 2006). Such a claim may be appropriate where the representation "was so deficient as to impinge upon the fundamental fairness of the hearing". *Assaad v. Ashcroft*, 378 F.3d 471, 475 (5th Cir. 2004) (internal quotation marks and citation omitted). Before asserting ineffective assistance of counsel as grounds for a motion to reopen, however, Deras was required to: present an affidavit stating the relevant facts, including her agreement with counsel for the representation; present "evidence that counsel was informed of the allegations and allowed to respond, *including any response*"; and state "a complaint has been lodged with the relevant disciplinary authorities, or [offer] an adequate explanation for the failure to file such a complaint", assuming that counsel is alleged to have violated professional ethical or legal standards. *Lara*, 216 F.3d at 496 (emphasis added); *see Lozada*, 19 I. & N. Dec. at 639.

Deras did not provide counsel's response to her complaint letter but stated—inaccurately—that counsel had not responded as of the filing of the motion. In fact, counsel had replied to Deras—and vigorously disputed her allegations—three days before Deras filed her motion. The IJ found this "deliberate concealment of pertinent information . . . to be troubling". On appeal, Deras asserts she substantially complied with *Lozada* because she was only required to inform counsel of her allegations before submitting her motion. But she cites no authority excusing her failure to file counsel's response, and this court has held strict compliance with *Lozada* is mandatory. *Hernandez-Ortez v. Holder*, 741 F.3d 644, 647–48 (5th Cir. 2014).

No. 20-60101

To show ineffective assistance of counsel, Deras must show counsel was constitutionally deficient and she was prejudiced by the deficiency such that the result would have been different without the errors. *Diaz v. Sessions*, 894 F.3d 222, 228 (5th Cir. 2018). Deras failed to make the necessary showing of prejudice because she did not show a reasonable likelihood that the proceeding might have been different but for counsel's decisions not to call her son to testify about the murder of his father, not to introduce police reports about the murder, and not to assert that Deras belonged to the PSG of "informants". The testimony and police reports would have been cumulative of Deras' own credible testimony and were thus not needed. *See Skinner v. Quarterman*, 528 F.3d 336, 345, n.11 (5th Cir. 2008) (holding no prejudice exists where unoffered evidence was merely cumulative of evidence already adduced). Moreover, even if the reports were relevant to Deras' contention that she belonged to a PSG she identifies as "informants", such evidence and counsel's contention for that PSG would have been immaterial because the proposed PSG is not cognizable. *See Hernandez-De La Cruz v. Lynch*, 819 F.3d 784, 786–87 (5th Cir. 2016).

Deras also fails to show prejudice resulting from counsel's alleged failure to advise her that she could appeal or seek reopening because the immigration court notified Deras of her appeal rights, and Deras has failed to identify any meritorious ground for reopening. The petition for review must be denied with regard to the ineffective-assistance-of-counsel claim.

The IJ found no need to address the issue of equitable tolling because Deras failed to show ineffective assistance of counsel as a basis for tolling. The 90-day deadline for filing a motion to reopen under § 1229a(c)(7) is subject to equitable tolling under the same standard that applies in other contexts. *Lugo-Resendez*, 831 F.3d at 344. The litigant must establish she "has been pursuing [her] rights diligently, and . . . an extraordinary circumstance beyond [her] control prevented [her] from complying with the

applicable deadline". *Id.* (internal quotation marks and citations omitted). Deras bases her assertion of diligence on allegedly being told by counsel that nothing more could be done after the removal order. Even if it is assumed Deras had been misinformed, she still does not explain why she waited from November 2015 until March 2018 to obtain another opinion. Ignorance of the law and unfamiliarity with the legal process do not justify equitable tolling. *See United States v. Petty*, 530 F.3d 361, 366 (5th Cir. 2008). Moreover, even if Deras acted with due diligence, she does not make the required showing of extraordinary circumstances beyond her control. *See Lugo-Resendez*, 831 F.3d at 344. The alleged "extraordinary circumstance" was counsel's ineffectiveness, a claim that fails procedurally under *Lozada*, and substantively because there was no prejudice. A meritless claim of ineffective assistance of counsel does not constitute extraordinary circumstances as grounds for equitable tolling.

As for Deras' claim she was entitled to *sua sponte* reopening under the IJ's discretionary authority to reopen at any time, we lack jurisdiction to review the IJ's decision not to reopen a case *sua sponte* because the IJ has complete discretion whether to do so, and we therefore have no standard by which to judge the ruling. *See Mejia v. Whitaker*, 913 F.3d 482, 490 (5th Cir. 2019). In any event, the exceptional circumstance on which Deras again relies is her meritless claim of ineffective assistance of counsel.

DISMISSED IN PART; DENIED IN PART.