# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 9, 2022

Lyle W. Cayce
Clerk

No. 21-60882
Summary Calendar

Raymundo Galvan-Cerda,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A035 508 179

Before King, Higginson, and Willett, *Circuit Judges*.

Per Curiam:*

Raymundo Galvan-Cerda, a native and citizen of Mexico, petitions us for review of a Board of Immigration Appeals decision denying his motion to reopen. He was ordered deported in 1998 and filed the instant motion in 2020 alleging that *St. Cyr v. INS*, 533 U.S. 289 (2001), made his deportation

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

unlawful. Galvan-Cerda does not dispute that the motion was untimely but argues that exceptional circumstances have prevented him from filing including lack of legal knowledge, bad legal advice, and financial difficulty. He also contends that the denial of his motion was a gross miscarriage of justice that warrants equitable tolling.

Review of a motion to reopen is disfavored. *Lara v. Trominski*, 216 F.3d 487, 496 (5th Cir. 2000). Accordingly, this court reviews the denial of a motion to reopen under a "highly deferential abuse of discretion standard." *Id.* This standard requires a ruling to stand, even if this court concludes that it is erroneous, "so long as it is not capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach." *Zhao v. Gonzales*, 404 F.3d 295, 304 (5th Cir. 2005) (internal quotation marks and citation omitted).

Galvan-Cerda failed to exhaust his argument that the relevant date for determination of whether a miscarriage of justice occurred is the date of deportation or removal. We lack jurisdiction to address that argument. *See Omari v. Holder*, 562 F.3d 314, 318-19 (5th Cir 2009).

We are not compelled to find that any of the reasons provided by Galvan-Cerda show an abuse of discretion by the Board in denying his motion. This court does not recognize a lack of legal sophistication as grounds for equitable tolling. *See United States v. Petty*, 530 F.3d 361, 366 (5th Cir. 2008). Similarly, reliance on incorrect legal advice has not been found to merit equitable tolling. *See Michael v. Barr*, 830 F. App'x 732, 735 (5th Cir. 2020).[1] We also find that the delay here is too long to suggest reasonable

---

[1] Unpublished opinions may be considered as persuasive authority. *See Ballard v. Burton*, 444 F.3d 391, 401 & n.7 (5th Cir. 2006) (citing 5TH CIR. R. 47.5.4).

diligence. *Mejia v. Barr*, 952 F.3d 255, 259 (5th Cir. 2020) (no diligence after a seven-year delay); *see also Deras-Leon v. Barr*, 841 F. App'x 642, 645 (5th Cir. 2020) (no diligence after a more than two-year delay). Additionally, the record does not show evidence of how any alleged financial difficulty affected the pursuit of legal rights and Galvan-Cerda does not dispute the Board's observation that he could have pursued help from charitable or low-cost legal organizations.

Finally, Galvan-Cerda's order of deportation was lawful when it was entered. *See Requena-Rodriguez v. Pasquarell*, 190 F.3d 299, 306-08 (5th Cir. 1999). Even assuming that a miscarriage of justice is a basis for equitable tolling, no such miscarriage of justice occurred here. *See Flores-Moreno v. Barr*, 971 F.3d 541, 546 (5th Cir. 2020).

DENIED in part; DISMISSED in part.